GERHARD HINRICHS, Respondent, v. ANNA HINRICHS, Appellant.

St. Louis Court of Appeals, March 27, 1900.

1. **Divorce:** PETITION, SUFFICIENCY OF. The clause in the petition in the case at bar, "one whole year last past," has no reference to a calendar year, but to a whole year made up of the last past 365 days, and is equivalent in meaning to the words used in the statute, to wit: "One whole year next" before the filing of the petition.

2. ———: ———: ———: BILL OF EXCEPTIONS: PRACTICE, APPELLATE. Where no exceptions are saved to the rulings of the court on motion for alimony *pendente lite*, there is nothing for the appellate court to review.

Appeal from the St. Louis City Circuit Court.—*Hon. James Withrow*, Judge.

AFFIRMED.

*Morris & Fitzgerald* for appellant.

(1)   Plaintiff's petition fails to state a cause of action. The allegation of residence is not sufficient to give the court jurisdiction.   Daniel Collins v. Etta Collins, 53 Mo. App. 470; R. S. 1889, sec. 4503.   (2)   The rule of law is that when the appellate court becomes possessed of a cause by appeal, the jurisdiction depends on the jurisdiction of the trial court.   Batchelor v. Bess, 22 Mo. 402; Webb v. Tweedie, 30 Mo. 490; Stone v. Corbett, 20 Mo. 354; Planing Mill Co. v. Short, 58 Mo. App. 320.   The question of jurisdiction is entitled to be heard wherever and whenever raised.   Bray v. Marshalls, 66 Mo. 122; Stone v. Corbett, 20 Mo. 354; Planing Mill v. Short, 58 Mo. App. 320.   (3) A decree of divorce must be based upon competent and legal evidence having probative force, and not upon hearsay testimony, regardless of whether such testimony be objected to or not.   Mary E. Dwyer v. Wm. Dwyer, 26 Mo. App. 647; Bowers v. Bowers, 19 Mo. 351; 4 Encyclopedia of Practice and Pleading, 82; Cannon v. Cannon, 17 Mo. App. 394; Dwyer v. Dwyer, 2 Mo. App. 17.

*Ed L. Gottschalk* for respondent.

(1)   Rule 15 is reasonable, just and necessary and a compliance with the rule is exacted.   Union v. Union, 76 Mo. App. 680; Rottman Dist. Co. v. Drew, 75 Mo. App. 141.   The appellate court will not go to the transcript of record for the purpose of acquainting itself with the nature of the pleadings or evidence, but will look only to the abstract, as required by the rule; and where that is insufficient under the rule the appeal will be dismissed.   Hermann v. Daily, 74 Mo. App. 505.   (2)   Where the abstract of record discloses nothing showing that a motion for new trial was

filed in the lower court within the statutory period, nor that the motion for new trial contained therein was ever acted upon by the court, nor that any exception was taken to any ruling thereon, and nothing being presented by the appeal but a consideration of the record proper, and it appearing from the face thereof that the judgment was warranted by the scope and allegations of the pleadings, it was held that the judgment of the trial court must be affirmed. Jackson v. Ferguson, 76 Mo. App. 270. (3) The appellate court is not bound by the findings of fact of the lower court, but deference, nevertheless, should be paid to such findings. Griesedieck v. Griesedieck, 56 Mo. App. 94; Munchow v. Munchow, 78 Mo. App. 99; Lawler v. Lawler, 76 Mo. App. 637.

BLAND, P. J.—The suit is for divorce. The grounds alleged in the petition for divorce are indignities. The answer admitted the marriage and separation, but denied all other allegations. Defendant supplemented her answer by a cross bill, in which she alleged indignities as the ground on which she prayed for a divorce. A reply was filed putting in issue the allegations of the cross bill. The court heard the evidence and rendered its judgment finding the plaintiff the innocent and injured party and awarded him a divorce. Timely motions for new trial and in arrest of judgment were filed. These were overruled by the court, and defendant appealed.

I. Appellant contends, first, that the petition fails to allege that the respondent had resided in this state one whole year next before the filing of the petition, and that the trial court was therefore without jurisdiction to hear the cause and render judgment. The averment of residence is that "the plaintiff has resided in the city of St. Louis and state of Missouri one whole year last past and now resides in such

city and state." The petition was filed October 25, 1898. The contention of appellant is that a fair and reasonable construction of this paragraph of the petition is referable to the calendar year, 1897; that plaintiff may have resided in this state all of that year, and resided elsewhere from January 1, to October 25, 1898, when he reacquired a residence in this state. We can not agree to this construction. The clause "one whole year last past" has no reference to a calendar year, but to a whole year made up of the last past 365 days, and is equivalent in meaning to the words used in the statute, to wit, "one whole year next before the filing of the petition."

II.   There is 106 pages of written testimony preserved by the bill of exceptions, from which it appears that at the date of the marriage of the parties (May, 1893) each had children by a former marriage, the appellant two, a son eighteen years old and a married daughter; the respondent a grown son and two daughters, one six and the other eight years of age; that for the first year and a half of their married life there was no serious difference between them, and they lived in peace.   After this the married daughter, with her husband and family of children, took up her residence near that of appellant and respondent.   From this date the trouble, which finally culminated in the separation, began. The testimony adduced by respondent tends to prove that appellant's affections and pecuniary interests were all centered in the family of her married daughter; that she spent most of her time with that family; that she clandestinely took provisions furnished by respondent for his family and gave them to her daughter; that she spent most of her evenings with the family of her daughter, where the evenings were spent in drinking beer, to obtain which the evidence tends to show that appellant would require the little daughters of respondent to go to saloons for it; that the appellant

was quarrelsome, abusive, and applied vile epithets to respondent and his children; that she was cruel and inhuman in her treatment of the youngest of these children, and on one occasion, without provocation or a word, struck her on the head with such violence as to fell her to the ground and render her unconscious for a time, and that from the effects of the blow she was confined to her bed and room for the space of two weeks. On another occasion she struck respondent over the head and face with a coffee pot, causing him to bleed profusely. On the part of appellant the evidence tends to prove that respondent choked her, and that his children were disrespectful toward her. In this character of case it is the duty of this court to examine the testimony and to make its own deduction therefrom, but in the exercise of this prerogative this court will not be unmindful of the findings of the facts by the trial judge, who saw the witnesses and heard the testimony, and is in a much better position to judge of their credibility than we are, and in a case like this, where the truth must be sifted from contradictory testimony, we, of necessity, must in a great degree defer to the findings of the trial court. Keeping in mind the judgment of the trial judge and weighing the testimony from his standpoint, we approve his finding of the facts, that the respondent is the innocent and injured party.

There were no objections interposed by the appellant to the admissibility of any evidence offered at the trial, and that part of appellant's brief and argument devoted to the discussion of the inadmissibility of testimony is not before us for review. But it is proper to remark that we have not discovered any evidence that was inadmissible under the pleadings. No exceptions were saved to the rulings of the court on motion for alimony *pendente lite*, or to the order modifying the original order after the appeal was granted, hence we

are unable to review these orders or to make any order in the premises, as requested by appellant.

Discovering no reversible error in the record, the judgment is affirmed. All concur.