VALLIANT, J.
—While plaintiff was prosecuting attorney for Butler county he attended eighteen preliminary examinations in felony cases before justices of the peace and presented his bill for services in those cases to the county court for ninety dollars, being five dollars for each case. The county court disallowed the bill, and the plaintiff appealed to the circuit court where a trial was had and judgment rendered for the plaintiff, from which judgment the county prosecutes this appeal.
*514 I. The ease comes here on a short transcript which shows the judgment and order allowing the appeal. There is in the abstract filed what purports to be a bill of exceptions which purports to contain the evidence, instructions, those given and those refused, the motion for new trial, order overruling the motion, exception, and order extending time for filing bill of exctpfions; there is also what purports to be the indorsement of the filing of the bill of exceptions by the clerk, within the period of the alleged extension. But there is nothing appearing on the record proper or the abstract of the record proper showing that the motion for a new trial was filed, or the ruling of the court on such motion, or an order of the court extending the time for filing the bill, or an entry in the record of the court ordering that the bill be filed, or an entry in the record showing that it was filed. A bill of exceptions cannot prove itself by reciting on its face that those acts were done, the doing of which the law requires to be entered in the record proper. We have said that so often that it seems unnecessary to say it again. In this condition of the record this bill of exceptions must be discarded from further consideration.
II. The only question that the record proper presents is, does the plaintiff’s bill for services in attends ing the preliminary examinations in felony cases before justices of the peace in his county, state a cause of action? If so, the court having rendered judgment in plaintiff’s favor, we must presume, in the absence of a bill of exceptions, that .the plaintiff proved his claim and that no error occurred during the trial.
Is a prosecuting attorney entitled to a fee for attending and representing the State in a preliminary examination before a justice of the peace of his county in a felony case? There is no question of quantum meruit in this case; if the officer is entitled to the fee claimed he can point to the statute'which gives it to him, and this he has attempted to do.
*515 Section 4949, Revised Statutes 1899, begins thus: “ The prosecuting attorney shall receive for his services, to be paid out of the county treasury, in all coun'ties having a population,” etc. Then the section goes on to prescribe the salary of the officer, grading it according to the population of his county, from $300 to $1,000, after which it adds: “and the said prosecuting attorney shall also receive for his services in the circuit court and other courts such fees as are allowed by law.” Thus the Legislature has provided that the officer is to be compensated for his services in two ways, by salary and by fees, both as, and only as, expressly prescribed by statute. If the law imposes on him a certain duty, but prescribes no particular fee for its performance, he cannot say that it imposes on him a duty for which he receives no compensation, because the statute says that his salary is given him in payment of his services. We do not mean that the salary is given as compensation for only such services as for which no particular fee is prescribed, for that is not the meaning of the statute; the salary is in payment of all his services, with the addition that for certain services particular fees are also given, and there may be other services for which no particular fee is given, but which are fully compensated by the salary. The general duties of a prosecuting attorney are declared in section 4950, R. S. 1899); then follows section 4951, prescribing certain particular duties in which it is made his duty to attend to all civil suits and give advice in matters in which the county is interested, after which comes this clause: “He shall also attend and prosecute, on behalf of the State, all cases before justices of the peace, when the state is made a party thereto. ’ ’ That is the clause which the plaintiff thinks makes it the duty of a prosecuting attorney to attend preliminary examinations in felony cases before justices of the peace.
Section 3237, Revised Statutes 1899, specifies the fees a prosecuting attorney may have in certain cases. *516 In that section are two clauses, either of which the plaintiff thinks sustains his claim: first, “for judgments upon any proceeding of a criminal nature otherwise than by indictment or information.” The preliminary examination before a justice of the peace in a charge of felony is not embraced in that clause; that contemplates a proceeding before a court in which a final judgment may be rendered and a mere preliminary examination is not that kind of a proceeding. Besides, it cannot be said of a felony case, at any stage, that it is merely of a criminal nature; it is essentially criminal The second clause in that section reliedonis the concluding clause of the sentence:“for his services in all actions which it is or shall be made his duty by law to prosecute or defend, five dollars.” The foregoing are the statutory provisions on which the plaintiff relies to sustain his two propositions, first, that the statute made it his duty to attend the preliminary examinations; second, that it prescribed a fee of five dollars for his services in each case.
Attending preliminary examinations before a committing magistrate is within the general scope of a prosecuting attorney’s duties, but it is not especially prescribed in the clause of section 4951 above quoted or in any other statute. The “cases before justices of the peace, where the State is made a party thereto,” mentioned in section 4951, are cases for trial in a justice’s court, nor mere preliminary examinations. This is not only apparent on the face of the section itself, but is shown in the two sections next following; section 4952 makes it the duty of the prosecuting attorney to attend in behalf of the State in habeas corpus proceeding; then comes section 4953: “No justice of the peace or judge of a court of record having jurisdiction shall allow any such cases as are alluded to in the two preceding sections, to be tried before him, unless the prosecuting attorney shall be present or some one properly qualified to prosecute for him; and it shall be the duty of *517 any justice of the peace or county judge, before trying such cases as are alluded to in the two preceding sections, to give due notice to the prosecuting attorney. ” If the clause in section 4951 on which plaintiff relies should be construed to include preliminary examinations, then section 4953 operates as a serious hindrance to the power of a magistrate to conduct such an examination, it forbids him doing so in the absence of the prosecuting attorney; that is not what the statute means.
Returning to the clause in section 3237 above quoted: “for his services in all actions which it is or shall be made his duty by law to prosecute or defend, five dollars,” we construe the word “actions” as there used to mean suits in court upon which judgments may be rendered ; it does not include preliminary examinations before a committing magistrate.
For services of the kind rendered by the plaintiff in the case before us he is compensated by his salary and is entitled to no fee. The account or bill sued on does not constitute a cause of action against the county. The judgment is therefore reversed.
All concur.