The case of State v. Patrick & Boyd, supra, is overruled.

All concur.

---

THE STATE v. JOSEPH F. GEORGE, JR.,
Appellant.

Division Two, June 8, 1909.

1. APPEAL: No Motion for a New Trial. Where the record in a criminal case does not show that a motion for a new trial was filed or that such motion was overruled or that any bill of exceptions was filed, nothing can be considered on appeal but the record proper.

2. ——: ——: Matters of Record and Exception. The record proper should show that a motion for a new trial was filed and that the same was either overruled or sustained. The bill of exceptions should contain said motion, the ruling of the court thereon, and the exception taken to such ruling. Likewise the record proper should show that the bill of exceptions was filed and within time; otherwise, it does not become a part of the record.

3. INFORMATION: Carnal Knowledge. The information in this case, charging carnal knowledge of a female child under fourteen years of age, is set out in full, and, *Held*, to be based upon the statute, and to be in all respects sufficient.

Appeal from Camden Circuit Court.—*Hon. A. W. Lincoln,* Special Judge.

AFFIRMED.

*Elliott W. Major,* Attorney-General, and *Chas. G. Revelle,* Assistant Attorney-General, for the State.

(1) There is nothing in the record to identify the so-called bill of exceptions, and the matters which

pertain to the record proper and those which should only be embraced in the bill of exceptions preserving the exceptions to the action of the court during the progress of the trial are so confounded that it is impossible to tell where the bill of exceptions begins or ends. There are no record entries showing the filing of a motion for a new trial, or the overruling of such a motion, or the filing of a bill of exceptions, or such other matters as are required to appear on the face of the record proper. A bill of exceptions standing alone cannot prove its own validity, and statements therein of facts that must appear in the record proper are not sufficient. There is nothing in this case for the consideration of the court but the record proper. Stark v. Zehnder, 204 Mo. 448; Clay v. Pub. Co., 204 Mo. 672; Bowers v. Daniel, 198 Mo. 317; Hill v. Butler Co., 195 Mo. 374; State v. Baty, 166 Mo. 561; Reno v. Fitz Jarrell, 163 Mo. 411; Ricketts v. Hart, 150 Mo. 64. (2) Where no bill of exceptions is filed and the record proper is free from error, as in this case, the judgment will be affirmed. State v. Miller, 209 Mo. 389; State v. Jackson, 209 Mo. 397; State v. Brown, 206 Mo. 718. (3) The information, which is duly verified, is predicated on Sec. 1837, R. S. 1899, and is in proper form and drawn in harmony with approved cases. State v. Wray, 109 Mo. 594; State v. Miller, 111 Mo. 542; State v. Burries, 126 Mo. 565; State v. Hall, 164 Mo. 528.

FOX, J.—This cause is brought to this court by appeal on the part of the defendant from a judgment of the circuit court of Camden county, Missouri, convicting him of the crime of rape. The offense of which the defendant was convicted, omitting formal parts of the information, is thus charged:

"Joe V. Foster, prosecuting attorney, duly elected, commissioned, sworn, qualified, installed and acting as such in and for said county of Camden, in the

State of Missouri, upon his said oath and upon his hereto appended oath, informs the court upon his said oath and upon his hereto appended oath does depose, present, aver and charge that said defendant, Joseph F. George, Jr., on the 5th day of August, A. D., 1904, at the county of Camden, State of Missouri, in and upon Ida Florence George, a female child under the age of fourteen years, to-wit: of the age of thirteen years, unlawfully and feloniously did make an assault, and her, the said Ida Florence George, then and there unlawfully and feloniously did carnally know and abuse, against the peace and dignity of the State of Missouri.''

To this information the defendant entered his plea of not guilty, and upon trial was convicted and his punishment assessed at five years' imprisonment in the penitentiary.

At the very threshold of the consideration of this case it is earnestly insisted by the learned Attorney-General that there is nothing before this court for review except the record proper.

We have carefully analyzed the record as presented to this court upon this appeal and find that it absolutely fails to disclose that there was a motion for a new trial filed or the overruling of any motion for a new trial, or that there was any bill of exceptions filed.

It is essential that the record proper show the filing of a motion for a new trial and the overruling of it. While the bill of exceptions should show the filing of the motion for new trial and the action of the court upon such motion, yet in addition to this it is absolutely essential that the record proper show that the motion for new trial was filed and the ruling of the court upon it.

In the recent case of Stark v. Zehnder, 204 Mo. l. c. 448, Judge VALLIANT, in speaking of this subject, thus very clearly announced the correct rule: ''We

should not dismiss the appeal in this case because we have, in sufficient form, the pleadings, the judgment and the order allowing the appeal, and appellants are entitled to show if they can that the judgment is erroneous on the face of the pleadings, but in the absence of a sufficient showing by the abstract that on the face of the court record proper there are entries showing that the motion for a new trial was filed, that it was overruled and that the bill of exceptions was filed, we cannot consider any alleged error of the court contained in the bill of exceptions. [Hill v. Butler County, 195 Mo. 511, and other cases cited by respondents in their brief on this motion.] The distinction between what should be contained in the record proper and the bill of exceptions was also very clearly drawn in that case. It was ruled that ''the bill of exceptions alone should contain the motions and exceptions to the rulings, but the record proper should show that the motions were filed and the rulings of the court upon them. A statement in the bill of exceptions that a motion for a new trial was filed and that it was by the court overruled is not sufficient to show either that it was filed or that it was overruled. A bill of exceptions standing alone cannot prove its own validity, a statement therein that it was signed and filed is not sufficient evidence of the signing or filing. The bill of exceptions derives its right to recognition solely from the fact that the record of the court shows that it was filed. . . . The office of the bill of exceptions is to preserve those proceedings in a cause which do not appear in the record proper and the exceptions taken to the rulings.'' It was finally held in that case that there were no record entries showing the filing of a motion for new trial or the overruling of such a motion, or the filing of a bill of exceptions, therefore there was nothing before the court for consideration but the pleadings and the judgment. The conclusion as reached upon this proposi-

tion in the case cited is fully supported by numerous other cases decided by this court.

Having reached the conclusion that under the condition of the record as presented to this court we are not authorized to review the errors complained of in the bill of exceptions, our attention will now be directed to the record proper as presented to this court. We have reproduced the information upon which this judgment is predicated and find that it is based upon section 1837, Revised Statutes 1899. It is duly verified and is in proper form and drawn in harmony with approved cases. [State v. Wray, 109 Mo. 594; State v. Miller, 111 Mo. 542; State v. Burries, 126 Mo. 565; State v. Hall, 164 Mo. 528.]

As before stated, the defendant duly entered his plea of not guilty to this information; the jury were properly impaneled and sworn to try the cause, and it being submitted to them they returned their verdict, which is in proper form, and, as heretofore stated, finding the defendant, Joseph F. George, Jr., guilty, and assessed his punishment at imprisonment in the penitentiary for a term of five years. Judgment and sentence upon the verdict as returned seems to be in perfect form and harmony with the provisions of the statute concerning that subject.

Finding that the record proper fails to show the filing of a motion for new trial or the overruling of such motion, or that any bill of exceptions was filed, it follows that we would not be authorized to review the action of the court as embraced in what is termed the bill of exceptions presented to this court. Upon this condition of the record the judgment of the trial court should be affirmed, and it is so ordered.

All concur.