# W. H. DALTON v. A. L. REGISTER & COMPANY, Appellant.

Division One, February 28, 1913.

1. **APPEAL: Record Proper: No Filing of Motion for New Trial.** The abstract of the record proper, as distinguished .from the abstract of the bill of exceptions, must show the filing and overruling of a motion for a new trial, if any matter of exception is for consideration on appeal. It is not sufficient that .it appear in what purports to be an abstract of a bill of exceptions that a motion for a new trial was filed.

2. ————: ————: ————: **New Rule: Retrospective Operation.** The new rule (Rule 32, adopted December 10, 1912), declaring that the appellant need not abstract the record entries showing the steps taken below to perfect such appeal, does not avail to save a defective abstract filed before the rule was adopted.

Appeal from Jasper Circuit Court.—*Hon. Henry L. Bright*, Judge.

AFFIRMED.

*Edward C. Wright* and *Perkins & Blair* for appellant.

*Harry S. Miller* and *Hugh Dabbs* for respondent.

GRAVES, J.—In this case the respondent has challenged the sufficiency of the abstract of record.

**Abstract: Motion for New Trial.** Upon that challenge he stands and has not briefed the case upon the merits. We are of opinion that we cannot consider more than the record proper and are precluded from going into matters of exceptions. The abstract of the record proper before us fails to show the filing of a motion for a new trial. It is true that in the abstract of a purported bill of exceptions, it appears that such a motion was filed, but in a line of cases we have held this insufficient. These cases are of such long-standing and so numerous that the lawyers of the State must abide by them; and so consistent is the ruling that we shall not further restate the rule, other than to state that under these we have held that the abstract of the record proper, as distinguished from the abstract of the bill of exceptions, must show the filing and overruling of a motion for new trial. And if it does not so show, then we have only the record proper before us for consideration.

It is true that we have recently adopted a new rule of practice in this court, which we hope may be

**New Rule.** better understood and more generally followed than the one under which the cases suggested were decided, but this new rule cannot avail this appellant for two reasons (1) because his abstract was filed before the rule was adopted by the court, and (2) because the abstract as filed does not comply either with the old or new rule. Having before us nothing

but the record proper for consideration, it is sufficient to say that the judgment entered is one which responds to the petition and is supported by the petition and therefore should be affirmed. It is so ordered. All concur, *Bond, J.,* in result only, because he is of opinion that the case should be affirmed on the merits rather than upon the theory of the opinion.