DWIGHT M. SMITH, Defendant in Error, v. ORION F. RUSSELL, Plaintiff in Error.

Kansas City Court of Appeals, June 2, 1913.

1. PRACTICE, APPELLATE: Abstract: Record Proper. An abstract of the record proper should show the case was tried, a judgment was rendered, and for what it was and for whom it was.

2. ————: Motion for New Trial: Term: Four Days: Court: Statute. The abstract of the record proper failed to show the filing of a motion for new trial at the term of trial, or within four days. This was a fatal defect. It did show that the motion was filed "in the time allowed by the court," but the statute fixes the time and such statement does not show a proper filing.

3. ————: ————: ————: Record: Bill of Exceptions. Showing matters belonging to the record proper, in the bill of exceptions will not cure the defect in the abstract. A bill of exceptions is allowed for showing matters of exception; and inserting things therein not belonging there, but which belong to the record proper, will not cure the failure to enter them in the latter place.

4. ————: ————: Rule: Bill of Exceptions: Filing. Notwithstanding the rule making unnecessary an abstract of record entries evidencing leave to file, or filing of, a bill of exceptions, it is yet necessary that the abstract of record proper should state that the bill was filed.

Error to Jackson Circuit Court.—*Hon. Thomas J. Seehorn,* Judge.

AFFIRMED.

*J. W. Farrar, T. J. Wise* and *H. W. Hord* for plaintiff in error.

(1) All oral representations and memorandum are merged into the subsequent writing. Wheeler v. Ball, 26 Mo. App. 450; Johns v. Wood, 16 Pa. St. 25; Rawls on Covenants (4 Ed.), 566; Fritz v. McGill, 31 Minn. 536; Cronnister v. Cronnister, 1 Watson S. 442; Phillips v. Church, 23 S. C. 297. (2) Frauds must be alleged and proven. Holland v. Anderson, 38 Mo. 59; Bigelow on Fraud, p. 56; Bailey v. Smock, 61 Mo. 218. (3) Plaintiff's evidence failed to prove the existence of any fraud upon the part of plaintiff in error, and wholly failed to prove the *scienter.* Reamers v. Reamers, 217 Mo. 541; Bank v. Hutton, 224 Mo. 42; Adams v. Barber, 157 Mo. App. 370; Decker v. Dimer, 229 Mo. 296; Troll v. Spencer, 141 S. W. 855; Alvin v. Hartman, 146 Mo. App. 155. (4) All transactions are presumed to have been made in good faith and a party is not bound to disprove the existence of fraud. Thomas v. Scott, 221 Mo. 271, 214 Mo. 430; Decker v. Dimer, 229 Mo. 296.

*Ross B. Gilluly* for defendant in error.

(1) Fraudulent representations do not merge into subsequent written contract. Leicher v. Keeney, 98 Mo. App. (K. C. Ct. App.) 394; Gooch v. Connor, 8 Mo. 391; 14 Am. & Eng. Ency. Law, pp. 168-9. (2) Under facts in evidence, and law applicable, plaintiff below was entitled to recover. Smith on Law of Fraud, secs. 45-76; Bank v. Crandall, 87 Mo. 208; Manter v. Truesdale, 57 Mo. App. 435; Morley v. Harrah, 167 Mo. 74; 20 Ency. Law and Procedure, pp. 14-15; Cot-

trill v. Crum, 100 Mo. 397; Brownlee v. Hewett, 1 Mo. App. 360.

ELLISON, J.—Plaintiff's action was begun before a justice of the peace. On appeal to the circuit court judgment was rendered for plaintiff and defendant has brought the case here.

The abstract of the record proper shows a written statement of the cause of action, a written answer thereto and a reply. But there is no showing made of when the case was tried, or when judgment was rendered, or what the judgment was, or for whom it was. After setting out the pleadings in full, the abstract recites the following, only: "That thereafter the court, sitting as a jury, tried the cause and rendered judgment, which said judgment is embodied in the bill of exceptions herein incorporated, to which reference is hereby made." There is no proper showing that a motion for new trial was filed during the term or within four days. All that it said on that head is as follows: "Motion for new trial was thereafter, and in the time allowed by the court, duly filed, and were by the court overruled; all of which orders are incorporated in the bill of exceptions and in the transcript herein filed, to which reference is hereby made."

The statute fixes the time for filing motions for new trial, and not the court. A reference to the bill of exceptions, which latter shows that the motion was filed at the term and within four days, will not cure the omission. The proper showing must be in the record proper. A bill of exceptions is allowed for showing matters of exception, and inserting things therein not belonging there and which are of the record proper, will not cure the neglect to enter them in the latter place. [Langstaff v. Webster Groves, 246 Mo. 223; Wallace v. Libby, 231 Mo. 341; Milling Co. v. St. Louis, 222 Mo. 306; Harding v. Bedoll, 202 Mo. 625.]

There is a total failure to show in the record

proper that a bill of exceptions was filed. This also is a fatal defect. For notwithstanding our rule (26) (taken from rule 32 of the Supreme Court, adopted December 12, 1912) making unnecessary an "abstract of record entries evidencing leave to file, or filing of, a bill of exceptions," it is yet necessary that the abstract of the record proper should state that the bill was filed.

We regard the written statement or pleadings as ample to support the judgment, and it is accordingly affirmed. All concur.