THE STATE OF MISSOURI, at the Relation and to the Use of M. F. HACKETT, Collector of Revenue, of the City of Fairfax, Atchison County, Missouri, Respondent, v. H. O. SLY, Executor of the Estate of JOHN F. SLY, Deceased, Appellant.

Kansas City Court of Appeals, June 1, 1914.

1. **APPELLATE PRACTICE: Abstract of Record Proper: Failure to Show Necessary Matters.** In preparing an abstract of record of a cause to be heard in the Appellate Court, the fact that a judgment was rendered, that a motion for new trial was filed, the action of the court thereon, that time was given for filing bill of exceptions, that the bill was filed within that time and was made a part of the record and that an appeal was duly perfected and allowed are all matters to be shown by the record proper and not by the bill of exceptions. And if they do not appear in the former, the appellant's abstract is insufficient.

2. ———: ———: ———: Affirmance of Judgment or Dismissal of Appeal. The circuit clerk's certificate, showing that a judgment was rendered and an appeal was allowed, supplies the want of a statement in the record proper that those two things were done. Hence, the appeal is before the court for review on that portion of the record proper which has been preserved.

3. ———: ———: ———: ———. No error appearing in the record proper, the case is affirmed.

Appeal from Atchison Circuit Court.—*Hon. Wm. C. Ellison,* Judge.

AFFIRMED.

*Hunt, Bailey & Hunt* for appellant.

*W. R. Littell* for respondent.

PER CURIAM: This is a suit for personal taxes for the year 1911, levied by Fairfax, a city of the fourth class, upon the estate of John F. Sly, deceased. The defendant is his executor and, as such, has said estate in charge. The personal property owned by the estate, upon which the taxes in controversy were levied, consists of money and solvent notes amounting to something over $123,000. Judgment was rendered for plaintiff and defendant has attempted to appeal.

The appeal has not been perfected so as to give the appellate court jurisdiction to consider the errors complained of, which are all matters of exception. The abstract of the record proper does not show the rendition of judgment, the filing of a motion for new trial, the action of the trial court thereon, that time was given for filing bill of exceptions, that an order was made filing the bill of exceptions and making it a part of the record, nor that an affidavit for appeal was filed and appeal allowed. The abstract of the record proper shows nothing but the petition and answer. Immediately following these is the so-called bill of exceptions.

in which it is stated that the above things were done. But they are matters which must be shown by the record proper and not by the bill of exceptions. [Bower v. Daniel, 198 Mo. 289, l. c. 317; Pennowfsky v. Coerver, 205 Mo. 135; Harding v. Bedoll, 202 Mo. 625; Stark v. Zehnder, 204 Mo. 442; Continental Insurance Co. v. Hurst, 129 Mo. 627.] The certified copy of the judgment and order allowing the appeal filed in the appellate court may perhaps supply the absence of a statement in the abstract that a judgment was rendered and that an appeal was allowed. [State ex rel. v. City of Stanberry, 172 Mo. 618.] Hence, the appeal should not be dismissed but the case is here for review on that portion of the record proper which is before the court and reviewable. [Coleman v. Roberts, 214 Mo. 634.]

We have examined such portion of the record proper, however, and find no error therein. The judgment is, therefore, affirmed.