## SAMUEL J. CASE et al. v. ELLA CARLAND, Appellant.

### Division Two, March 30, 1915.

1. **ABSTRACT: Record Proper: No Showing of Motion for New Trial: Appellate Review.** If the abstract of the record proper fails to show the filing of a motion for a new trial, appellate review must be limited to the record proper, and that is true even though what purports to be the abstract of the bill of exceptions does show that a motion for a new trial was filed.

2. ———: ———: ———: ———: **Rule 32.** Rule 32 of the Supreme Court, providing that an appellant who files a certified copy of the order granting an appeal need not abstract the record entries showing the steps taken below to perfect his appeal, does not make it unnecessary to show in the abstract of the record proper that a motion for a new trial was filed. The filing of a motion for a new trial is not a necessary step to perfect an appeal.

Appeal from Buchanan Circuit Court.—*Hon. W. H. Haynes*, Judge.

AFFIRMED.

*P. C. Breit* and *Booher & Williams* for appellant.

*Edwin L. Moore* for respondents.

WILLIAMS, C.—This is a suit in ejectment to recover the possession of lot 3 in block 30 in the city of Savannah, Missouri. Judgment below was in favor of some of the plaintiffs and defendant has appealed.

Respondents contend that the appellate review must be limited to the record proper. Upon examination, we find that the abstract of the record proper fails to show that a motion for a new trial was filed within four days after the trial. In fact the abstract of the record proper fails to state

Abstract: No
Showing of Motion
for New Trial:
Record Proper.

that a motion for a new trial was filed at any time. That portion of the abstract known as the bill of exceptions does state that a motion for a new trial was filed. But it has been held by a long line of cases in this State that such a showing is insufficient. Discussing this identical point in the recent case of Dalton v. Register & Co., 248 Mo. 150, GRAVES, J., speaking for the court, said: "These cases are of such long standing and so numerous that the lawyers of the State must abide by them; and so consistent is the ruling that we shall not further restate the rule, other-

than to state that under these we have held that the abstract of the record proper, as distinguished from the abstract of the bill of exceptions, must show the filing and overruling of a motion for new trial. And if it does not so show, then we have only the record proper before us for consideration.''

Appellant contends that the abstract is sufficient under Rule 32 of this court. But appellant cannot invoke the aid of the above rule in the present case for two reasons, viz.: (1) Rule 32 has to do only with record entries showing the necessary steps in perfecting the appeal, such as the filing of an affidavit for an appeal, order granting an appeal, and the record entries concerning the leave to file and the filing of bills of exceptions. It cannot be said that the filing of a motion for a new trial is a necessary step to perfect an appeal, because an appeal may be taken even when a motion for new trial has not been filed. And when a motion for new trial is filed ''the steps to perfect an appeal'' are not taken until the motion is passed upon and is out of the way. (2) Even though it should be conceded, *arguendo*, that Rule 32 applied to the situation here, it would be of no avail in the present case, this because the present abstract does not even undertake to comply and does not comply with that rule.

**Rule 32.**

It therefore follows that our consideration of the case must be limited to a review of the record proper. Upon examination, we find the record proper to be free from error. The judgment is affirmed. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of WILLIAMS, C., is adopted as the opinion of the court. All the judges concur.