FRED FLEMING, Appellant, v. T. T. MEALS and J. L. GRIMES, Administrators of the Estate of JOHN W. MEALS, Deceased, Respondents.

Kansas City Court of Appeals, May 3, 1915.

1. APPELLATE PACTICE: Bill of Exceptions. When that part of the record, called the record proper, to distinguish it from that part of the record made so by the timely and proper filing of a bill of exceptions, fails to show either that the motion for new trial was filed or that it was overruled, there is nothing before the court to review except the record proper.

2. ———: ———: Rules of Appellate Courts. Matters of exception cannot be reviewed in the appellate court unless they were preserved in a motion for a new trial, filed in proper time, and it is just as necessary now as it was before the adoption

of rule 26 that the filing and overruling of the motion appear in the abstract of that part of the record called the record proper ·to distinguish it from the bill of exceptions.

Appeal from Randolph Circuit Court.—*Hon. Samuel Davis,* Special Judge.

AFFIRMED.

*Whitecotton & Wight* and *M. J. Lilly* for appellant.

*W. P. Cave* for respondents.

JOHNSON, J.—This is an action against the administrators of the estate of John W. Meals, deceased, upon a demand for personal services rendered their intestate in his lifetime. A directed verdict for defendants was returned in the circuit court at the close of plaintiff's evidence and plaintiff appealed. The only issue raised by the demurrer to the evidence and discussed in the brief and argument of counsel for plaintiff is the sufficiency of the evidence to support the pleaded cause of action. Counsel for defendants contend that this question which relates entirely to a matter of exception is not before us, since the abstract of the record filed by plaintiff fails to show the filing and overruling of a motion for a new trial.

The abstract of the bill of exceptions contains the motion for a new trial and shows that it was filed and overruled but that part of the abstract devoted to the record proper fails to refer to that motion. No effort was made by plaintiff to correct this error until after attention was called to it in the brief of defendants which was served on plaintiff February 20, 1915. The cause was argued and submitted March 2nd, and leave was granted plaintiff to file a reply brief within ten days but no permission was given him to file a supplemental abstract. On March 10th he filed a "Supple-

mental Abstract and Reply Brief'' in which he set forth record entries showing the filing and overruling of the motion for a new trial. No excuse or explanation was offered for his failure to show these record facts in his original abstract.

In Dalton v. Register, 248 Mo. 150, decided after the promulgation by the Supreme Court of rule 32, which is the same as our rule 26, the opinion has this to say of the failure of the abstract of the record proper to show the filing of a motion for a new trial:

''It is true that in the abstract of a purported bill of exceptions, it appears that such a motion was filed, but in a line of cases we have held this insufficient. These cases are of such long-standing and so numerous that the lawyers of the State must abide by them; and so consistent is the ruling that we shall not further restate the rule, other than to state that under these we have held that the abstract of the record proper, as distinguished from the abstract of the bill of exceptions, must show the filing and overruling of a motion for new trial. And if it does not so show, then we have only the record proper before us for consideration.

It is true that we have recently adopted a new rule of practice in this court, which we hope may be better understood and more generally followed than the one under which the cases suggested were decided, but this new rule cannot avail this appellant for two reasons (1) because his abstract was filed before the rule was adopted by the court, and (2) because the abstract as filed does not comply either with the old or new rule.''

And in State v. Scobee, 255 Mo. 273, it is held ''that, since that which has been called the record proper to distinguish it from that part of the record made so by the timely and proper filing of a bill of exceptions, fails to show either that the motion for a new trial was filed or that it was overruled, there is nothing before us except the record proper. [State v. George, 221 Mo. 519; Hill v. Butler Co., 195 Mo. 511.]''

To the same effect are the cases of Smith v. Russell, 171 Mo. App. 324, and State ex rel. v. Sly, 180 Mo. App. 379, decided by this court after the adoption of rule 26. Matters of exception cannot be reviewed in the appellate court unless they were preserved in a motion for a new trial filed in proper time and it is just as necessary now as it was before the adoption of rule 26 that the filing and overruling of the motion appear in the abstract of that part of the record called the record proper to distinguish it from the bill of exceptions.

If we should treat the filing of the supplemental abstract as a request for leave to amend the original, the request should be denied on the ground that it did not come until after defendants had attacked the original abstract and no good reason is given for the failure of plaintiff to present a sufficient abstract in the first instance. [Thorp v. Railroad, 157 Mo. App. l. c. 502; Langstaff v. City, 246 Mo. 223; Harding v. Bedoll, 202 Mo. 625; Nickey v. Leader, 235 Mo. 30.]

There is nothing before us but the record proper and since the only error claimed by plaintiff relates to matters of exception it follows that the judgment must be affirmed. It is so ordered.

All concur.

## ON MOTION FOR REHEARING.

Appellant insists in his motion for a rehearing that at the argument of the cause in this court leave was granted him to file a supplemental abstract correcting the error in the original abstract to which respondents had called attention in their brief. We did not hear argument on the questions of the sufficiency of the abstract or of appellant's right to remedy any material defect therein at that time but took those questions with the case and allowed the proffered supplemental abstract to be filed subject to the solution of the

questions we thus reserved for future decision. We are convinced of the soundness of the view we expressed in the foregoing opinion that the omission of the abstract of the record proper to show the filing and overruling of the motion for a new trial precluded consideration of matters of exception on appeal. After respondents made the point of a defective abstract, permission to correct the defect by amendment should not be granted the appellant except for good cause.

And leave to amend cannot be inferred from the mere granting of permission to file a supplemental abstract received subject to the further decision of the question of whether or not an amendment should be allowed.

We are deciding the case on the ground that matters of exception are not properly before us, but it is proper to add that we have examined the case on the merits and find no prejudicial error in the record. In our opinion the learned trial judge took a proper view of the case presented by appellant in sustaining a demurrer to the evidence.

The judgment is affirmed. All concur.