Clark v. Clark.

tract and the demurrer to the evidence should have been sustained.

The judgment is reversed. All concur.

JENNIE E. CLARK, Appellant, v. JOHN O. CLARK, Respondent.

Kansas City Court of Appeals, June 14, 1915.

1. DIVORCE: Jurisdiction: Appellate Practice. The plaintiff sued for divorce alleging that the offense or injury complained of was committed within this State and while both of the parties resided in this State. The defendant failed to appear, and the court heard the evidence and dismissed the suit for lack of jurisdiction. *Held*, that matters of exception cannot be reviewed in the appellate court unless they are preserved in a motion for new trial, filed in proper time and the filing and overruling of the motion must appear in the abstract of that part of the record called the record proper to distinguish it from the bill of exceptions.

2. ———: ———: Petition. It is not necessary to allege in a petition for divorce that the plaintiff resided within the State one whole year next before the filing of the petition, if it is alleged that the offense or injury complained of was committed within the State or while one or both parties resided within this State.

3. APPELLATE PRACTICE: Matters of Exception. Matters of exception cannot be reviewed unless they are preserved by a timely motion for a new trial, and the action of the court in overruling such motion must appear in that part of the abstract called the record proper.

Appeal from Jackson Circuit Court.—*Hon. Daniel E. Bird*, Judge.

AFFIRMED.

*W. W. Bryant* for appellant.

No brief for respondent.

JOHNSON, J.—This is an action for divorce. The petition alleged statutory grounds and "that the offense or injury complained of was committed within this State and while both of the parties resided in this State." There was personal service upon defendant but he failed to appear and made no defense. The court heard the evidence introduced by plaintiff and dismissed the suit "for want of jurisdiction." Plaintiff appealed.

The petition states a cause of action. It was not necessary for plaintiff to have resided within this State "one whole year next before the filing of the petition" if, as she alleged, "the offense or injury complained of was committed within this State, or whilst one or both of the parties resided within this State." [Sec. 2373, R. S. 1909; Cheatham v. Cheatham, 10 Mo. 296; Collins v. Collins, 53 Mo. App. 470; Carter v. Carter, 88 Mo. App. 302; Johnson v. Johnson, 95 Mo. App. 329; Hinrichs v. Hinrichs, 84 Mo. App. 27; Coulter v. Coulter, 124 Mo. App. 149; Gordon v. Gordon, 128 Mo. App. 710; Stone v. Stone, 134 Mo. App. 242.]

But the court would be without jurisdiction over the subject-matter if plaintiff failed to adduce evidence in support of that allegation. She was required not only to plead but to prove this jurisdictional fact and we find the abstract of the record is in such condition that matters of exception, such as the sufficiency of the evidence to establish her right to a judgment, are not before us for review. In the first place, there is no abstract of the evidence but merely a statement, in what purports to be the bill of exceptions, of plaintiff's conclusion that her evidence tended to prove the constitutive facts of her pleaded cause. But passing over that defect without comment, there is another insuperable defect in the abstract which precludes us from considering matters of exception.

There is no clear distinction, as there should be, between that part of the abstract relating to record

proper and that purporting to be an abstract of the bill of exceptions, and the only mention we find of a motion for a new trial is in the following recital in the bill of exceptions: "In due time a motion for a new trial and arrest of judgment was filed by the plaintiff, both of which were overruled by the court, to which ruling the plaintiff then and there excepted and still excepts."

Aside from other objections which might be mentioned it is enough to say that matters of exception cannot be reviewed unless they were preserved by a proper and timely motion for a new trial and unless the filing and overruling of such motion appears in that part of the abstract called the record proper. In Dalton v. Register, 248 Mo. 150, decided after the promulgation by the Supreme Court of rule 32, which is the same as our rule 26, the opinion has this to say of the failure of the abstract of the record proper to show the filing of a motion for a new trial:

"It is true that in the abstract of a purported bill of exceptions, it appears that such a motion was filed, but in a line of cases we have held this insufficient. The cases are of such long standing and so numerous that the lawyers of the State must abide by them; and so consistent is the ruling that we shall not further restate the rule, other than to state that under these we have held that the abstract of the record proper, as distinguished from the abstract of the bill of exceptions, must show the filing and overruling of a motion for a new trial. And if it does not so show, then we have only the record proper before us for consideration. It is true that we have recently adopted a new rule of practice in this court, which we hope may be better understood and more generally followed than the one under which the cases suggested were decided, but this new rule cannot avail this appellant for two reasons (1) because his abstract was filed before the rule was adopted by the court, and (2) because the ab-

stract as filed does not comply either with the old or new rule.''

And in State v. Scobee, 255 Mo. 273, it is held ''that, since that which has been called the record proper to distinguish it from that part of the record made so by the timely and proper filing of a bill of exceptions, fails to show either that the motion for a new trial was filed or that it was overruled, there is nothing before us except the record proper. [State v. George, 221 Mo. 519; Hill v. Butler Co., 195 Mo. 511.] [See also, Case v. Carland, 175 S. W. 200.]

To the same effect are the cases of Smith v. Russell, 171 Mo. App. 324, and State ex rel. v. Sly, 180 Mo. App. 379, decided by this court after the adoption of rule 26. Matters of exception cannot be reviewed in the appellate court unless they were preserved in a motion for new trial, filed in proper time, and it is just as necessary now as it was before the adoption of rule 26 that the filing and overruling of the motion appear in the abstract of that part of the record called the record proper to distinguish it from the bill of exceptions.

As the court heard the evidence we cannot assume that he held that lack of jurisdiction appeared on the face of the petition and since the matters of exception are not before us we must assume that he dismissed the suit because of lack of sufficient evidence. The judgment is affirmed. All concur.