THE STATE ex rel. J. HENRY CARUTHERS, Appellant, v. LITTLE RIVER DRAINAGE DISTRICT et al.

In Banc, July 12, 1917.

1. **ABSTRACT:** Showing of Motion for New Trial: Appellate Review. If "the short form of transcript" filed in the appellate court sets forth the filing and disposition of the motion for a new trial, the review will not be confined to the record proper, although the printed abstract of the record proper does not contain any recital showing the filing of the motion or the disposition made of it.

2. **DRAINAGE DISTRICTS:** Canals Across Public Highways: **Prior** Condemnation and Assessment of Damages. A drainage district and those acting for it cannot be enjoined from cutting channels or ditches across public highways until by condemnation proceedings the damages have been ascertained and paid, if their construction is authorized by the provisions of the drainage statutes.

3. **PUBLIC HIGHWAYS:** Appropriation to Different Use: Prior Condemnation. The public highways belong to the State and are already devoted to a public use, and the Legislature may authorize their appropriation to a different public use, as it has done through the drainage statutes. The State is not concerned in the ascertainment of the value of the public easement in them except to determine whether the proposed added use is one in the interest of the public, and of that the Legislature is the judge; and a proceeding by condemnation to ascertain the value of so much of the easement as the Legislature has by statute authorized to be appropriated for a drainage canal or ditch, being another or different public use, would be a useless formality.

4. ————: **Bridges Over Drainage Canal.** The statutes require the county to build the bridges made necessary by the construction of drainage canals or ditches across or through the public highways by a drainage district organized under the Circuit Court Act prior to 1913 and not since reorganized under the Act of 1913.

Appeal from Cape Girardeau Circuit Court.—*Hon. Frank Kelly,* Judge.

AFFIRMED.

*J. Henry Caruthers* and *Edward D. Hays* for appellant.

(1) Injunction the Proper Remedy. Where the public easement is interfered with by obstructing the right-of-way, relief will lie by injunction. The injury proposed is one not measurable in monetary damage. The nuisance, being of such a nature as to be permanent, and to permanently invade the right of the public to the easement, entitles the county to equitable relief by injunction. Elliott, Roads & Streets, 495, 496, 501; 37 Cyc. 252; 29 Cyc. 1219; Lockwood v. Railway, 122 Mo. 86; Debach v. Railway, 89 Mo. 483; Lokenan v. Railway, 36 Mo. App. 363-372; State ex rel. v. Drainage District, 190 S. W. 897. (2) An easement is subject to condemnation, and for which the owner is entitled to compensation, as much so as if the land were taken to which the easement is appurtenant. 15 Cyc. 607. ·(3) The county has the vested right in public roads as trustee for the public in holding the easement. Elliott, Roads & Streets, p. 321; State v. Faith, 180 Mo. App.

484; State v. Culver, 65 Mo. 607; State v. Walters, 69 Mo. 463; Railroad v. Totman, 149 Mo. 657; Zimmerman v. Snowden, 88 Mo. 218; State v. Wells, 70 Mo. 635. (4) As the law stood in 1907 when the district was incorporated (Laws 1905, p. 190 et seq), the board of supervisors had power to condemn all property, including easements, for the right-of-way of the channels, etc. No power was given them to destroy the public easement in a highway without condemnation. Laws 1905, p. 195, sec. 8259b. (5) In other states similar statutes have been construed to mean that roads and highways must be assessed according to damage and benefits the same as other property in the district, and in such jurisdiction, as well as in jurisdictions where the law is silent as to assessing public roads, according to damages and benefits, it is uniformly held that the district must construct the bridges. Drainage District v. Elgin, 249 Ill. 260; Comrs. v. Drainage District, 246 Ill. 388; People v. Drainage District, 231 Ill. 435; Railway v. Board of Supervisors, 116 N. W. (Iowa) 805; State ex rel. v. Henry County, 157 Ind. 96. (6) And no express statute is necessary to compel the drainage district which runs its ditch across a highway to restore the same. People v. Fenton & R. T. Co., 96 N. E. (Ill.) 864; State v. Drainage District, 132 N. W. (Neb.) 398; Conewango v. Shaw, 52 N. Y. 327; Highway Comrs. v. Drainage Comrs., 246 Ill. 38.

*Oliver & Oliver* for respondents.

(1) There is nothing presented for the review by appellant's abstract, except the record proper. The abstract does not contain a recital that the appeal was duly taken, nor does it contain a recital that a motion for a new trial was filed. The bill of exceptions shows the filing of such a motion, but that is not sufficient. Case v. Carland, 264 Mo. 463; Dalton v. Register Co., 248 Mo. 150; Clark v. Clark, 191 Mo. App. 278; Walker v. Fritz, 166 Mo. App. 317; Rule 31, Supreme Court. (2) The temporary writ was properly dissol-

ved.    The county is not entitled to an injunction restraining the construction of the headwater diversion channel across the roads of 'Cape Girardeau County. The Legislature has granted the right to the drainage district to cut the roads.    Secs. 5503, 5513, R. S. 1909; State ex rel. v. Drainage District, 190 S. W. 900; State ex rel. v. Drainage District, 252 Mo. 345; Douglas County v. Drainage District, 139 N. W. 718; Heffner v. Cass and Morgan Counties, 193 Ill. 439, 58 L. R. A. 353; Rigney v. Fischer, 113 Ind. 313; Railroad v. People, 200 U. S. 561.    (3) The Legislature was acting within its power when it granted to the drainage districts organized under the Act of 1905 the right to cut the public roads.    The public roads are under the control of the State itself, and the Legislature had full power to authorize a drainage district—a political subdivision of the State—to cut a public road without imposing any restrictions on the district for so doing.    State ex rel. v. Drainage District, 190 S. W. 901; State ex rel. v. Drainage District, 252 Mo. 345; Douglas County v. Drainage District, 139 N. W. 718.    (4) The duty to pay the cost of constructing the bridges must be borne by the county. The drainage district was organized November 30, 1907, under the Act of 1905, and has continued to operate under it and the applicable amendments enacted in 1907, 1909 and 1911, but has never been reorganized nor elected to proceed under the Act of 1913.    The law in force prior to 1913 is the law governing this case, since the district has never brought itself within the provisions of the 1913 act.    Secs. 5503, 5513, R. S. 1909; State ex rel. v. Drainage District, 190 S. W. 901; State ex rel. v. Drainage District, 252 Mo. 354.    It was a matter of discretion for the Legislature to say which of the two subdivisions of the State it would require to pay the cost. The Legislature having designated the county, the courts cannot change it.    Nor is it for the courts to say whether the Legislature acted wisely or unwisely. State ex rel. v. County Court, 34 Mo. 546; State ex rel. v. Mason, 153 Mo. 50; State ex rel. v. Owsley, 122 Mo. 68; State ex rel. v. Field, 119 Mo. 614; Eitling v. Hick-

man, 172 Mo. 258; State ex rel. v. Board of Education, 141 Mo. 45; Harris v. Bond Co., 244 Mo. 690.

WALKER, J.—The prosecuting attorney of Cape Girardeau County instituted this action by injunction in the court of common pleas of that county against the Little River Drainage District and its supervisors and secretary. The purpose of this proceeding was to enjoin the drainage district and others acting for it or in its behalf from cutting channels or ditches for drainage purposes across the highways of said county until they have obtained consent so to do from the county court of said county and have obligated themselves to hold said county and the taxpayers thereof harmless from any expense incurred in the erecting of bridges and approaches across said highways at the points where the district's channels or ditches cross same.

The judge of the court of common pleas, after having granted a temporary writ, disqualified himself and the cause was transferred to the circuit court of said county, where it was tried, resulting in a judgment dissolving the temporary injunction, but requiring the drainage district before cutting through said highways to cause temporary bridges to be constructed over any channel, ditch or drain where said highways are cut, the same to be done only as the work proceeds and it shall be necessary for its further prosecution. From this judgment relator appeals.

I. It is contended that as the abstract of the record proper filed herein does not contain a recital of the
Abstract. filing of the motion for a new trial and show that an appeal was granted that our review must be limited to such portions of the record proper as have been incorporated in the abstract (Stark v. Zehnder, 204 Mo. l. c. 448; Railroad v. Wyatt, 223 Mo. l. c. 352), although the omitted entries appear in the bill of exceptions. As a general proposition this contention is well founded. Matters of record should be preserved in the abstract of same and matters of ex-

271 Mo.—28

ception in the abstract of the bill of exceptions where the appeal is perfected by the filing of a perfect transcript. [Case v. Garland, 264 Mo. 463; Dalton v. A. L. Register & Co., 248 Mo. 150; Kúczma v. Droszkowski, 243 Mo. 57.]

Where, however, the appeal is perfected by the filing of an abstract preceded as required by the statute (Sec. 2048, R. S. 1909) by what is termed "a short form of transcript," to-wit a certified copy of the record entry of the judgment, order or decree appealed from, together with the order granting the appeal, we have held that although the abstract of the record proper may not in terms declare that a certified copy of the judgment and order granting the appeal was filed, if this fully appears in the short form it will supply the deficiency and authorize a review on the merits. [Godfrey v. Godfrey, 228 Mo. 1. c. 512; Coleman v. Roberts, 214 Mo. 634.] The reason for this rule is evident. The abstract derives its integrity from the record and the short form is but a part of same. They are, therefore, entitled, so far as concerns their verity, to like consideration. In this case the certified copy of the record entry showing the granting of the appeal also sets forth the filing and disposition of the motion for a new trial. The objections, therefore, to the sufficiency of the record are fully met and a review of the case on its merits is authorized.

II. The district sought to be enjoined was incorporated in November, 1907, under what is now article 1, chapter 41, Revised Statutes 1909, entitled the

Condemnation: Drainage District Across Public Road.

"Organization of Drainage Districts by Circuit Courts." The relator contends that the district was not authorized to cut its canals or ditches across the highways without first securing the consent of the county and as a means to that end condemnation was necessary. It is further contended that the expense of restoring the highways to their former condition should

be borne by the district, whereas the district maintains that such expense should be borne by the county. These contentions provoke two inquiries: (1) has the district taken the preliminary steps required by law to entitle it to cut across the highways? and (2) upon whom does the burden legally rest of restoring the highways thereafter to their former condition?

No election having been made to reorganize the district under the Laws of 1913, pp. 232-267, a discussion of any of the provisions of that act is precluded. Not only does the act itself so provide (Sec. 52, p. 263) but our construction of same in State ex rel. McWilliams v. Little River Drainage District, 269 Mo. 444, expressly sustains this conclusion. The assignments of error other than those in regard to the contended application of the Act of 1913, are general in their nature and are properly included in the two leading questions which we have stated demand solution.

The State in the exercise of its right of eminent domain has through the Legislature granted drainage districts the right of way for ditches, canals, levees and dikes across, over or through public highways. [Sec. 5513, R. S. 1909.] Paraphrasing the very clear exposition of this subject in the McWilliams case, FARIS, J., speaking for the court, says in effect: In dealing with public highways county courts are but agents of the State, acting from necessity by delegated authority. Such title as the counties have in the fee or to the easements in such highways is in the nature of a trust for the whole people, or more comprehensively speaking, the State. Therefore, whatever interest in or control over such highways is possessed by the several counties is due to the fact that they are legal subdivisions of the State; and the latter for convenience and to facilitate administrative control has delegated to the counties whatever powers they possess over such highways. The powers thus conferred are subject always to the limitation that they do not trench upon private rights or attempt to devote such highways to other than a public use. That drainage districts are public corporations and

that their canals and ditches are devoted to public uses is too well established to now demand discussion. [State ex rel. McWilliams v. Drainage District, supra; Carder v. Drainage District, 262 Mo. 542; Morrison v. Morey, 146 Mo. l. c. 561.] The crossing of public highways by such ditches is not incompatible with the conclusion that this use of such highways is a public one. The necessities of the case sustain this conclusion. No system of drainage ditches can be constructed which may not, to effect their completion, require the crossing of public highways; and it is elementary that statutes should be so reasonably construed as to give them their intended force and effect. [State ex rel. Bernero v. McQuillin, 246 Mo. 517; Curtis v. Sexton, 252 Mo. 221; State ex rel. St. Louis v. Railroad, 262 Mo. 720; State ex inf. v. Duncan, 265 Mo. 26; Johnston v. Ragan, 265 Mo. 420; State ex rel. v. Gordon, 266 Mo. 394.] A holding, therefore, that the crossing of a public highway by a drainage ditch through the instrumentality of a district organized under the statute, is not a public use or is incompatible with such use, would not be in harmony with the legislative intent, which is too evident to admit of question and would render possible, in many instances, the defeat of the purpose of the statute, a result always to be avoided within the bounds of reasonable interpretation.

The primary right of sovereignty of the State over the public highways therein, the public character of drainage districts as subdivisions of the State, and the consequent public use of drainage ditches as necessary instrumentalities to the existence of such subdivisions, being established, it follows that the State may in the exercise of its right of eminent domain authorize or direct the appropriation of such portions of the public highways as may be necessary to enable such drainage district to cut or cross same without the formality of condemnation proceedings if the power conferred is exercised in accordance with the intent and purpose of the drainage statutes.

This conclusion rests primarily upon the well established rule that the Legislature may authorize the appro-

priation of property already devoted to a public use to another and a different public use whenever in the judgment of 'the Legislature the public interest so requires. [15 Cyc. 612, and cases.] Furthermore, condemnation proceedings, which are nothing more than compulsory sales of the owners' interest therein, are authorized for the purpose of ascertaining the value of the property and to provide for compensation therefor. Here the owner is the State, or what is equivalent thereto, it possesses the right of control of the easement created by the establishment of the highway. It is not concerned in the ascertainment of the value of this easement except to determine whether the proposed added use is one in the interest of the public and of this the Legislature is the judge. A proceeding, therefore, by a condemnation under this state of facts would be nothing more than a useless formality.

III. The question as to whether the county should be required to build the bridges rendered necessary by the ditches or channels made in and across the highway by the drainage district has been answered in the affirmative by this court in two recent cases. [State ex rel. v. Little River Drainage District, 269 Mo. 444; State ex rel. v. Chariton Drainage District, 252 Mo. 345.] To our mind the reasoning of these cases is clear and conclusive and we find no ground here urged of sufficient force to cause us to change the conclusion there reached.

Cost of Bridges.

Some question is raised by the respondents concerning the extent of the judgment rendered by the trial court. Only the relator is appealing and hence our review is limited to the contentions made by him.

This results in an affirmance of the judgment and it is so ordered. All concur.