STATE OF MISSOURI, RESPONDENT, v. RAYMOND W. CUMMINS, APPELLANT.

Kansas City Court of Appeals. April 4, 1927.

*North T. Gentry,* Attorney-General, and *James A. Porter,* Assistant Attorney-General, and *Martin E. Lawson* for State.

*George Barnett* and *Bruce Barnett* for appellant.

BLAND, J.—Defendant was convicted for four separate violations of section 735, Revised Statutes 1919, and his punishment assessed at a fine of $50 for each offense. He has appealed.

Neither defendant nor the State has furnished us with a brief. The transcript filed here fails to show any signing, allowance or filing of a bill of exceptions. We are, therefore, unable to consider anything but the record proper. [State v. George, Jr., 221 Mo. 519; State v. Jones, 198 S. W. 421.] From an examination of the transcript, it would appear that no bill of exceptions was ever filed in fact as none of the testimony taken is preserved. The statute under which this prosecution is had reads as follows:

Section 735, Revised Statutes 1919—

"It shall be the duty of the prosecuting attorney to charge upon behalf of the county every fee that accrues in his office and to receive the same, and at the end of each month, pay over to the county treasury all moneys collected by him as fees taking two receipts therefor, one of which he shall immediately file with the clerk of the county court and shall at the end of every quarter make out an itemized and accurate list of all fees in his office which have been collected by him, and one of all fees due his office which have not been paid, giving the name of the person or persons paying or owing the same, and turn the same over to the county court, stating that he has been unable, after the exercise of diligence, to collect the part unpaid—said report to be verified by affidavit—and it shall be the duty of the county court to cause the fees unpaid to be collected by law, and to cause the same when collected to be turned over to the county treasury."

Section 737, Revised Statutes 1919, provides that—

"Any prosecuting attorney of any county who shall fail or neglect to comply with any provision of section 735 shall forfeit his salary for that quarter of the year and shall be deemed guilty of a misdemeanor, and shall, upon conviction, be fined in the sum of not less than fifty dollars ($50), nor more than five hundred dollars ($500), for each offense, and if he shall continue in default for three months, his office shall be deemed vacant and shall be filled as provided by law for filling vacancies therein."

The information as long and it would serve no useful purpose to set it out. There is no question but that it is in the proper form. The first count pleads in part that defendant while prosecuting attorney of Clay county wilfully and corruptly failed and neglected to make out an itemized and accurate list of all fees in his office which had been collected by him during the quarter ending March 31, 1925, and wilfully and corruptly failed and neglected to turn such a list over to the county court of Clay county and that he wilfully and corruptly failed and neglected to make out an itemized and accurate list of all fees due his office during the quarter ending March 31, 1925, which had not been paid to him and to turn the same over to the county court of Clay county. The second count alleges the same facts and circumstances in relation to the failure of defendant to make out an itemized and accurate list of all fees in his office collected by him during the three months' period ending June 30, 1925, and his failure to turn such a list over to the county court of Clay county and failure on his part to make out such a list of all fees due his office which had not been paid during the same quarter and to turn the same over to the county court of Clay county.

As to the matters raised in the alleged motion for a new trial appearing in the transcript, that go with the record proper, it appears

to be contended in the main that the fact alleged in the first county of the information do not constitute two separate offenses under sections 735 and 737, and the same contention is made as to the second count of the information. In this connection it is claimed that the verdict on both counts is void because it undertakes to assess two separate fines and two separate punishments. As to the first count, the jury found defendant guilty of two offenses, one for failure to turn over to the county court of Clay county an itemized and accurate list of all fees in his office which had been collected by him as prosecuting attorney for the quarter ending March 31, 1925, and the other for his failure to turn over such a list of all fees due his office and which had not been paid, for the same quarter. The jury also returned a similar verdict as to the second count of the petition covering the quarter ending on June 30, 1925.

We think there is no question but that the statute provides for two offenses, one for failure of the prosecuting attorney to make out an itemized and accurate list of all fees in his office which have been collected by him and to turn such list over to the county court of Clay county, and the other the failure to make out a similar list of all fees due his office which had not been paid. Each offense is complete within itself and it will be noted that section 737 provides for a fine "for each offense." We find, therefore, that the verdict of the jury was proper. The fact that two offenses were alleged in the same county of the information would not make it faulty. [State v. Heinze, 45 Mo. App. 403, 409, 410, 411.]

The judgment is affirmed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.