THE STATE ex rel. FRANCIS M. KINDER, Prosecuting Attorney of Butler County, Appellant, v. INTER-RIVER DRAINAGE DISTRICT and JOHN C. CORRIGAN et al., Supervisors.

In Banc, December 20, 1922.

1. **DRAINAGE DISTRCT:** Constructing Bridges. The duty of constructing bridges over drainage ditches where they intersect public roads, made necessary by the organization of a drainage district under Article 1 of Chapter 41, Revised Statutes 1909, as amended by Act of 1911, which has not elected to re-organize under the Act of 1913, rests upon the county, which must bear the expense of building such bridges, although their construction was not begun until long after the Act of 1913 became effective.

2. ———: ———: Rights Reserved by Act of 1913. The Act of 1913 (Laws 1913, p. 232), by its Section 62, specifically provided that its repeal of the Acts of 1909 and 1917 should not have the effect of suspending, impairing or nullifying any existing right, power or remedy of a drainage district organized under said acts, and they imposed on the county the burden of constructing bridges over drainage ditches where they intersect public highways, constructed by a drainage district organized under said Acts of 1909 and 1911, and a drainage district, so organized, which has not elected to re-organize under the Act of 1913, is not required to construct such bridges.

3. ———: ———: ———: Certification of Tax Levies: Administrative Detail. The fact that the board of supervisors of a drainage district organized under Article 1, Chapter 41, Revised Statutes 1909, "certified the drainage taxes levied and to be collected in the manner prescribed by the Act of 1913," did not have the effect of forfeiting or impairing any of the rights, powers or remedies preserved to said district by Section 62 of the Act of 1913, but was only an administrative detail, and in no wise changed the law which compels the county to construct bridges over drainage ditches where they intersect public roads, when such ditches are constructed by a drainage district organized under said Article 1 of Chapter 41 of Revised Statutes 1909, as amended by the Act of 1911.

Appeal from St. Francois Circuit Court.—*Hon. Peter Huck*, Judge.

AFFIRMED.

*Francis M. Kinder* and *Atkinson, Rombauer & Hill* for appellant.

(1)   It is the duty of the drainage district and not the duty of the county to build the bridges rendered necessary by the construction of the ditches and levees of the Inter-River Drainage District.   Sec. 5513, R. S. 1909; Sec. 4406, R. S. 1919; State ex rel. Ashby v. Medicine Creek Drainage District, 224 S. W. 343.   (2)   At the time the plan for reclamation was adopted in the Inter-River Drainage District, and at the time the work of construction proceeded, such drainage district was in operation under the law of 1913 exclusively, because all the other statutes had been repealed, and it was not necessary to reorganize this drainage district in order to proceed under the law of 1913 by virtue of the proviso of Sec. 4428, R. S. 1919.   (3)   Defendants rely upon State ex rel. v. Chariton Drainage District, 252 Mo. 345; State ex rel. v. Little River Drainage District, 269 Mo. 444; State ex rel. v. Little River Drainage District, 271 Mo. 429.   But the court will perceive that every one of those cases involved a district which was not organized under Article 1, Chapter 41, nor in process of organization under said Article 1, and having never re-organized under the law of 1913, the latter statute was not applicable to those districts.   Sec. 4428, R. S. 1919.   (4) Specific attention is called to clause 5 of the stipulation and especially the latter portion thereof:   "That the defendant drainage district has never elected to reorganize under the provisions of the Circuit Court Drainage Law of 1913, but the board of supervisors of said district has certified the taxes levied and to be collected as provided for under the laws of 1913."   (5)   It being undisputed that this drainage district proceeded under

the law of 1913, the decision in the State ex rel. Ashby v. Medicine Creek Drainage District, 224 S. W. 343, controls in this case, and the opinion in that case answers all questions of the defendant in regard to the power of the drainage district to levy taxes for the purpose of paying for the bridges. (6) If the decisions of this court in the three cases cited above stand in the way of a decision of the instant case in favor of appellant, then those cases should be overruled, because they do not properly declare the law—they ride off on the theory that the word "corporation" in the statute means "county." A county is a subdivision of the State, and is not a corporation. Anderson's Law Dictionary; 7 Ruling Case Law, sec. 3, p. 923; 11 Cyc. 342; Clark v. Adair County, 79 Mo. 536; Ray County v. Bentley, 49 Mo. 236; Reardon v. St. Louis County, 36 Mo. 555; Lincoln County v. Magruder, 3 Mo. App. 314; State ex rel. v. Railroads, 196 Mo. 523; Williams v. Express Co., 195 Mo. App. 362; San Mateo County v. Coburn, 130 Cal. 631; Mo. Constitution, sec. 10, art. 12, p. 170; Sec. 9722, R. S. 1919; Sec. 6856, R. S. 1919; Sec. 7915, R. S. 1919; Sec. 10247, R. S. 1919; Sec. 10411, R. S. 1919; Sec. 1, Art. 9, Mo. Constitution. (7) Article 3, Chapter 102, R. S. 1909, then in force, provided the only method whereby a county could build a bridge—the county court can only proceed as authorized by these statutes.

*Oliver & Oliver* for respondent

(1) The petition and stipulation do not state facts sufficient to constitute a cause of action against the respondent, drainage district. (a) The statute confers no power on a drainage district to levy and collect taxes for the purposes prayed for by the plaintiff. Sec. 5496, R. S. 1909; 1 Dillon on Municipal Corporations (3 Ed.) sec. 89; State ex rel. v. Drainage District, 250 Mo. 366; Secs. 5513-5516, R. S. 1919; State ex rel. v. Drainage District, 269 Mo. 444; Williams v. Wedding, 176 S. W. 1182;

36 Cyc. 1122, sub. 1; Secs. 5518, 5519, R. S. 1909; Crader v. Drainage District, 261 Mo. 596; Sec. 5503, R. S. 1909 (now Sec. 5506, R. S. 1919); State ex rel. v. Drainage District, 271 Mo. 429. (b) Because the case law of this State in construing the statute of this State relating to drainage districts organized prior to March 27, 1913, has directly decided that such drainage districts are not liable for the costs of bridges made necessary by cutting public roads. State ex rel. v. Drainage District, 252 Mo. 347; State ex rel. v. Drainage District, 269 Mo. 444; State ex rel. v. Drainage District, 271 Mo. 429; State ex rel. v. Drainage District, 221 S. W. 343; Sec. 62, p. 266-7, Laws 1913. (2) Section 30 of the Act of March 27, 1913, upon which appellant bases his cause of action, is as to the respondent, Inter-River Drainage District, unconstitutional and void. Sec. 3, Art. 10, Mo. Constitution; State ex rel. v. Railroad, 196 Mo. 535; State ex rel. v. Switzler, 143 Mo. 287, 331; Sec. 4, Art. 10, Mo. Constitution; Sec. 10, Art. 10, Mo. Constitution; Sec. 5496, R. S. 1919; Sec. 11, Art. 10, Mo. Constitution; Sec. 21, Art. 2, Mo. Constitution; State ex rel. v. Drainage District, 269 Mo. 444; State ex rel. v. Drainage District, 271 Mo. 429; Cal. v. Pac. Railroad Co., 127 U. S. 1; Sec. 30, Art. 2, Mo. Constitution; Sec. 62, p. 266-7, Laws 1913; Sec. 15, Art. 2, Mo. Constitution; Sec. 1, Art. 14, U. S. Constitution; Nashville Railway Co. v. Taylor, 86 Fed. 168; 5 Amendment, U. S. Constitution; Sec. 10, Art. 1, U. S. Constitution; Stewart v. Palmer, 74 N. Y. 183.

ELDER, J.—This is a mandatory injunction proceeding to compel defendants to construct sixty-one bridges and approaches over the ditches and levees of defendant drainage district where the same intersect the public roads of Butler County, and to pay for certain bridges already constructed by the said county. The case is here upon appeal from a judgment sustaining a demurrer to plaintiff's amended petition.

Since the institution of the action Francis M. Kinder became prosecuting attorney of Butler County, and his name has been substituted in lieu of that of David W. Hill, prosecuting attorney at the time the suit was filed.

The petition was originally filed in the Circuit Court of Butler County. Omitting a portion which was ordered stricken out, the same alleges that the Inter-River Drainage District of Missouri is a duly incorporated drainage district under Article 1, Chapter 41, Revised Statutes 1909, as amended by the Act of 1911, the decree of incorporation being rendered in the Circuit Court of Butler County on January 24, 1913; that the said drainage district comprises 127,500 acres of swamp and overflowed land within Butler County, lying between the St. Francis and Black rivers; that the report of the commissioners appointed to assess the benefits and damages to the property in said district was confirmed by the Circuit Court of Butler County on April 12, 1918; that said district through its duly authorized officers and board of supervisors, adopted a plan of drainage, and, in September 1918, commenced the work of constructing the ditches and levees provided for in said plan; that said plan contemplated the construction of 36 ditches or canals, aggregating 210 miles in length, and two levees, aggregating 60 miles in length; that the minimum width of said ditches at the bottom is 12 feet, the maximum width is 55 feet and the average depth is 8 feet; that the said plan of drainage provided for the cutting of the public roads within said district in 61 different places where the proposed ditches and levees cross said roads (the various places being specifically designated); that said plan contemplated the building of 61 bridges, with necessary approaches, where said ditches and levees intersect such public roads; that defendants have engaged the services of contractors to construct said ditches and levees and said contractors are now engaged in said work and have already cut ditches through the public roads within said district.

The petition then alleges that "all of the said highways were necessary and were established and in use before and at the time of the adoption of the plan for drainage and the location of said ditches and levees;" that defendants have contracted to have all said ditches and levees finally constructed, and to have said drainage plans fully executed, except the building of bridges, within two years from October 26, 1920; that the construction of said ditches and levees will destroy the several public roads where said ditches and levees cross, rendering the same impassable and useless until proper bridges shall have been erected; that to restore said highways to their former condition and to construct bridges at said intersections will, according to the estimate of the County Highway Engineer, cost approximately $109,778.08, and plaintiff will be damaged in said amount; that defendants have openly declared to the county court that they refuse to cause said bridges and approaches to be erected, and to pay any expense connected therewith; that the general public have suffered and in the future will suffer great injury, damage and inconvenience by reason of defendants causing said ditches and levees to be cut through said public roads; that "while the law was in doubt about whether the county or the drainage district should build such bridges, the said County of Butler expended of its own funds in permanently bridging some of said ditches at such public road intersections, in order to abate such nuisances," the sum of $7918.43, and for temporary bridges the sum of $371.85; that defendants have been and are now trying to force the County of Butler to erect said bridges at the county's expense; that plaintiff has no adequate remedy at law, and brings this suit in equity. Wherefore, a mandatory injunction is prayed ordering and compelling defendants to cause to be constructed and maintained, at the expense of the drainage district, permanent steel bridges and approaches suitable and convenient for the public travel wherever said highways have

already been cut, and at all other points within ten days after said ditches or levees are cut, and to recoup Butler County for the sum of $8290.28 it has expended in bridging such ditches, and that a temporary injunction be issued restraining defendants from interfering with the easement of the public at said intersections.

To this petition defendants filed a demurrer which was overruled. Thereafter defendants applied for a change of venue which was granted to the Circuit Court of St. Francois County, and defendants there filed an amended demurrer. The grounds of demurrer, briefly stated, are: (1) That the petition does not state facts sufficient to constitute a cause of action. (2) That Article 1 of Chapter 41, Revised Statutes 1909, as amended by the Act of 1911, does not empower the defendant drainage district to assess lands for building any part of public roads or bridges. (3) That the defendant drainage district is without power to levy an assessment for any purpose other than to pay the cost of constructing "ditches, drains, canals, levees, dikes and other drainage works and improvements." (4) That the granting of the relief prayed for would be a violation of Section 1 of the Fourteenth Amendment to the Constitution of the United States and of Section 3 of Article 10 of the Constitution of Missouri. (5) That Section 30 of the Act of 1913, Laws 1913, pages 232-267, upon which plaintiff bases its action, is unconstitutional and void.

Prior to a hearing on the amended demurrer, the parties entered into a stipulation whereby it was agreed that benefits had been assessed on 116,995 acres; that the total amount of benefits assessed is $2,534,481.90; that the total tax levied on lands within the district, including interest, amounts to $3,853,172.83, and the total estimated cost of the work and improvements is $1,900,000; that prior to the organization of the district much of the land therein was subject to overflow and for several months in each year was rendered unfit for agricultural purposes; that all of the lands in the

district were conveyed by the United States to the State of Missouri under the Act of Congress of September 28, 1850, and were subsequently conveyed by Butler County on or before the year 1880 to private individuals or corporations; that such lands constitute about thirty per cent of the area of Butler County; that the defendant drainage district has never elected to reorganize under the provisions of the Circuit Court Drainage Law of 1913, but the board of supervisors has certified the taxes levied and to be collected as provided under the law of 1913; that the assessed valuation of Butler County as of June 1, 1919, is $11,171,264.48; that the aggregate rate of taxation for county purposes levied for 1920 was: 50 cents for county revenue, 2 cents for county-bond sinking fund, 2 cents for county-bond interest fund, 25 cents for special road and bridge fund, 20 cents for county road and bridge tax, and 25 cents for road construction tax, each of which are levied on the $100 assessed valuation.

The St. Francois County Circuit Court sustained defendants' demurrer, and, plaintiff declining to further amend its petition, the same was dismissed.

I. Relator urges that the court erred in sustaining defendants' demurrer and contends that "it is the duty of the drainage district and not the duty of the

A County Burden. County of Butler to build the bridges rendered necessary by the construction of the ditches and levees." In support of the contention made relator cites Section 5513, Revised Statutes 1909, and Section 30, Laws 1913, page 250 (now Sec. 4406, R. S. 1919); and State ex rel. Ashby v. Medicine Creek Drainage District, 224 S. W. 343.

Relator's insistence has often been before this court en banc and each time has been ruled upon adversely. [State ex rel. Jones v. Chariton Drainage District, 252 Mo. 345; State ex rel. McWilliams v. Little River Drainage District, 269 Mo. 444; State ex rel.

Caruthers v. Little River Drainage District, 271 Mo. 429.]
Section 5513, Revised Statutes 1909, now relied upon by
relator, was thoroughly considered, upon facts analo-
gous to those in the case at bar, in the Chariton Drainage
District Case, supra, wherein Woodson, J., speaking for
the court, concluded by saying, l. c. 362: "We are, there-
fore, clearly of the opinion that the duty of construct-
ing the bridge in question rests upon the county of
Macon, and not upon the defendant drainage district."
The said section was again construed, in a painstaking
manner, in State ex rel. McWilliams v. Little River
Drainage District, supra, wherein Faris, J., summarized
by saying, l. c. 463: "There is not given anywhere in
Article 1 of Chapter 41" (of which Section 5513 is a
part), "or in the amendments thereto of 1911 (Laws
1911, p. 205 et seq.), any power to a drainage district
to levy taxes for the construction or maintenance of
bridges, or to expend the revenues of a drainage dis-
trict for any such purpose." The doctrine enunciated
in the Chariton Drainage District Case was then re-
affirmed. The said section was again before this court
in the Caruthers Case, supra, and Walker, J., said, l.
c. 437: "The question as to whether the county should
be required to build the bridges rendered necessary by
the ditches or channels made in and across the high-
way by the drainage district has been answered in the
affirmative by this court in two recent cases" (citing
the McWilliams and Chariton Drainage District cases).
"To our mind the reasoning of these cases is clear and
conclusive and we find no ground here urged of suffi-
cient force to cause us to change the conclusion there
reached."

After a thorough examination of the above men-
tioned cases, and after carefully reading and re-reading
Section 5513, we are firmly convinced that there is noth-
ing therein contained which puts the burden of build-
ing bridges upon the drainage district carrying out the
plan of reclamation or protection. We must therefore

adhere to our former declarations that the duty devolves upon the particular county involved.

State ex rel. Ashby v. Medicine Creek Drainage District, supra, presents a somewhat comprehensive review of the Drainage Act of 1913 (Laws 1913, p. 232 et seq.), and particularly of Section 30 of said act (now Sec. 4406, R. S. 1919) invoked by relator. True, as relator urges, the said case (a decision by Division Two of this court) does lay down the rule that drainage districts and not the county are required to construct bridges rendered necessary by the drainage project. However, that adjudication is not determinative of the instant proceeding, for the reason that the Medicine Creek Drainage District, as shown by the opinion, *was organized in 1916 under the Act of 1913.* The district involved in the case at bar, as shown by the petition, was organized on January 24, 1913, under the Act of 1909, as amended by the Act of 1911. The Act of 1913 was not approved until March 24, 1913, two months after the organization of the district before us. By Section 52 of said act it is provided that districts theretofore organized, or in process of organization, might elect to reorganize under the said act. But, by the stipulation entered into herein it is agreed that "the defendant drainage district has never elected to reorganize under the provisions of the Circuit Court drainage Act of 1913." It is therefore to be governed by the law as it existed at the time of its organization. And by Section 62 of the Act of 1913 it is specifically provided that the repeal of the Acts of 1909 and 1911 "shall not have the effect of suspending, abating, abridging, impairing, vitiating or nullifying any right, power, remedy or lien heretofore given, created or conferred upon any drainage district heretofore organized or in process of organization at the time of passage of this act, under any law of this State, but all such rights, powers, remedies and liens are hereby directly preserved to all such drainage districts. . . . All rights, powers, liens and

330    SUPREME COURT OF MISSOURI,

State ex rel. Kinder v. Inter-River Drainage District.

remedies now existing in behalf of any drainage district of this State, may be. enforced and made available in the manner and by the means and mode now provided by law." It is manifest, therefore, that on March 27, 1913, when the Act of 1913 became effective, the respondent district herein had theretofore been organized; that it has not elected to reorganize under the Act of 1913; that by Section 62 of said act all the rights and powers possessed by it under the Acts of 1909 and 1911 were preserved; and that under the Act of 1909, thrice construed by this court en banc, it was relieved of the burden of building the bridges herein complained of. Accordingly, the rule announced in the Medicine Creek Drainage District Case is not here applicable.

II. Relator insists, however, that as the board of supervisors of the respondent district "has certified the taxes levied and to be collected as provided for under the laws of 1913" (as was stipulated between the parties), the district therefore proceeded under the Act of 1913, and the Medicine Creek Drainage District Case, supra, is controlling.

Certification of Taxes.

Section 62 of the Act of 1913 (now Sec. 4438, R. S. 1919) provides that the rights, powers, liens and remedies which are preserved to districts theretofore organized, "may be enforced and made available under the provisions of this act, if applicable, at the election of the drainage district." Section 52 of said act (now Sec. 4428, R. S. 1919) provides that no reorganization shall be required of districts theretofore organized, "but all such districts shall have the right to proceed under the provisions of this act." In certifying the taxes levied and to be collected, the board of supervisors of the re-- spondent district doubtless proceeded under the au- thority granted by the said two sections. Such proceed- ure, relating to a specific administrative detail, did not however, forfeit any of the rights, powers, liens or rem- edies explicitly preserved to the district by Section 62,

of which the right to be relieved of the cost of building necessary bridges was one. If this were not true, then by proceeding under the Act of 1913 in any particular, no difference how inconsequential, a district would be held to have forfeited its franchise rights and privileges reserved and guaranteed by Section 62, a situation too anomalous to permit of serious consideration. Plainly, as specifically declared by Section 62, and as also exemplified by Sections 58 and 61, it was the intent of the Act of 1913 that no rights or powers enjoyed by districts theretofore organized were to be thereby vitiated or impaired. And the optional authority given to proceed under the Act of 1913 was but ancillary to the law under which the district was originally incorporated.

The point made must be ruled against relator.

III. The burden of constructing the bridges in question being cast by the law upon Butler County, it follows that relator's petition herein does not state a cause of action. The demurrer interposed by defendants was therefore rightfully sustained. It results that the judgment of the circuit court must be affirmed.

Mandamus.

Let this be done. All concur.