THE STATE ex rel. W. F. VANCE et al., Appellants, v. NODAWAY DRAINAGE DISTRICT NO. ONE et al.

Division One, March 12, 1926.

1. **DRAINAGE DISTRICT**: Bridges. It is not the duty of a drainage district organized under the Act of 1905, which has not elected to proceed under the Act of 1913, to pay the cost of a bridge spanning a drainage ditch at the point at which the ditch intersects a public road.

2. ———: ———: **Power to Levy Taxes.** A drainage district organized under the Act of 1905 has no power, long after its drainage works have been completed, to levy taxes to pay the costs of constructing a bridge across one of its ditches where it crosses a public road.

Drains, 19 C. J., Section 186, p. 696, n. 25; Section 208, p. 715, n. 21.

Appeal from Holt Circuit Court.—*Hon. Guy B. Park,* Judge.

AFFIRMED.

*Harry M. Dungan* for appellant.

(1) This case is brought to force the district to build the bridge, after the county neglected and refused, on the theory that "if the county . . . refused to construct the bridge . . . then the drainage company may do so." Every preliminary detail required by the law was carried out, and we are in position to ask that the district go ahead and build the bridge, because the county refused or neglected to build it. Chariton Drainage District Case, 252 Mo. 362; State ex rel. v. Medicine Creek Drainage Dist., 284 Mo. 649. (2) Mandamus is the proper remedy. Sec. 4580, R. S. 1919. Mandamus lies against public officers to build a bridge when there is no discre-

tion on their part. 26 Cyc. 295; People ex rel. Corey v. Commissioners of Highways, 41 N. E. 1105; Kundinger v. City of Saginaw, 132 Mich. 395. (3) Where can the drainage district get the money to build this bridge, to pay the contractor, when the county refuses? In Sheridan v. Flemming, 93 Mo. 321, it was held that mandamus would lie to compel additional taxes to liquidate unpaid warrants, and this was upheld in Heman Const. Co. v. Lyon, 277 Mo. l. c. 642. See also, State ex rel. Frazer v. Holt County Court, 135 Mo. 533, and State ex rel. v. Holt County Court, 136 Mo. 474.

*Tibbels & Bridgeman* for respondents.

(1) The duty rests on the county, and not on the drainage district, to build bridges rendered necessary by ditches constructed across a highway by a drainage district organized under the Act of 1905, now Art. 1, Chap. 41, R. S. 1909. State ex rel. Caruthers v. Little River Drainage Dist., 271 Mo. 429; State ex rel. McWilliams v. Little River Drainage Dist., 269 Mo. 444; State ex rel. Jones v. Chariton Drainage Dist., 252 Mo. 345; State ex rel. Kinder v. Inter-River Drainage Dist., 296 Mo. 320. (2) A drainage district organized under the Act of 1905 has no power to levy taxes for the construction or maintenance of bridges or to expend the revenue of said drainage district for any such purposes. R. S. 1909, sec. 5503; State ex rel. Kinder v. Inter-River Drainage Dist., 296 Mo. 320; State ex rel. McWilliams v. Little River Drainage Dist., 269 Mo. 444. (3) Where no election was made to reorganize the district, under the Act of 1913, a discussion of any of the provisions of that act is precluded. Laws 1913, sec. 52, p. 263; State ex rel. McWilliams v. Little River Drainage Dist., 269 Mo. 441; State ex rel. Caruthers v. Little River Drainage Dist., 271 Mo. 429.

ATWOOD, J.—Application to the Circuit Court of Holt County for writ of mandamus to compel defendants Nodaway Drainage District Number One and its board

of directors to build a bridge where its drainage ditch crosses what is known as the "Duncan Mill Road."

The amended petition upon which the case was tried names only Nodaway Drainage District Number One, J. W. Patterson, Wm. M. Morris, W. N. Hodgin, R. B. Bridgeman and Lafayette Kunkel, as parties defendant. The petition alleges that said drainage district was organized June 13, 1905, in the Circuit Court of Holt County under the Laws of Missouri, found in Laws of 1905 at pages 190 to 208; that the other defendants constitute the duly elected and qualified board of directors of said drainage district; that said board of directors constructed a bridge across the Duncan Mill Road which was thereafter removed by Holt County; that said directors thereafter approved and adopted their engineer's plans and specifications for a second bridge at said point on the Duncan Mill Road and ordered said bridge built; that said bridge was a necessary improvement on account of the main ditch of said drainage district crossing the public highway at said location; that on September 4, 1917, said board of directors found that the construction of said bridge had not been begun, and ordered that if the County of Holt did not build said bridge said district would build the same at the expense of Holt County; that said order was duly served on Holt County; that thereafter on October 8, 1917, said board of directors found that said Holt County had not begun and had refused to construct said bridge; that said board of directors ordered its secretary to proceed to advertise for bids and give said county twenty days' notice of the time and place of letting such work; that said notice was duly served on said county, October 11, 1917, and after more than twenty days' notice, said board, after duly advertising the same, let the contract for said bridge on November 5, 1917; that said district at all times has had the power, under the law, to build said bridge and collect compensation therefor from said county, but said bridge has never been built, and said Holt County has refused and still refuses to build the same;

that said highway is one of the main thoroughfares of Holt County, necessary for the convenience of the public, including these petitioners, and it is impassable without a bridge over it; that said district has on hands no funds with which to build said bridge, but can under the law levy and assess taxes therefor. The petition also prays for an order requiring that said district levy and assess taxes and have them collected and spend them to provide said bridge, or so restore the Duncan Mill Road that it can be used as a highway, and for general relief.

Defendants filed answer admitting the organization of Nodaway Drainage District Number One, and the membership of its board of directors as alleged in plaintiffs' petition, but denying each and every other allegation in said petition contained.

Thereafter, Holt County, on motion of its prosecuting attorney, having been made party defendant, filed a separate answer, but the same in form and substance as the answer filed by the above-named defendants except that it contained a further denial that said bridge was a public necessity and further alleged that there is no public travel on said road and that the building of said bridge would be impracticable and an unnecessary expense. Plaintiffs filed demurrer to Holt County's answer, alleging that it did not deny the facts set forth in plaintiffs' petition, and did not state facts sufficient to constitute a defense to the cause of action set forth in plaintiffs' amended petition. The record does not indicate that this demurrer was ever ruled upon, nor does it show that any reply was filed to the answer of the other defendants.

Over demurrer interposed by defendants the court proceeded to hear the evidence, which in general tended to support the allegations of fact contained in plaintiffs' petition. At the close of the testimony defendants demurred to the evidence. The court sustained defendants' demurrer and rendered judgment against plaintiffs, from which judgment plaintiffs appeal.

From the foregoing it appears that plaintiffs' case rests upon two contentions. First, that the burden of

313 Mo. Sup.—20.

building bridges rests upon the drainage district. Second, that the drainage district has power to levy taxes for the construction of bridges.

Respondent Nodaway Drainage District Number One was organized under the Act of 1905, continued to function thereunder, and it has not, as far as the record shows, elected to proceed under the Act of 1913. Under the Act of 1905 as amended, it was not the duty of the drainage district to pay the cost of the bridge here in controversy. The law has been so declared in four separate decisions of this court dealing with the statute. [State ex rel. Jones v. Chariton Drainage Dist., 252 Mo. 345; State ex rel. McWilliams v. Little River Drainage Dist., 269 Mo. 444; State ex rel. Caruthers v. Little River Drainage Dist., 271 Mo. 429; State ex rel. Kinder v. Inter-River Drainage Dist., 296 Mo. 320.] Plaintiffs cite State ex rel. v. Medicine Creek Drainage Dist., 284 Mo. 636, but it construes only the Act of 1913 (Laws 1913, pp. 232-267) and has no application to the Act of 1905 as amended, which is controlling here.

In their petition plaintiffs allege that the drainage district has no funds on hand with which to build said bridge. It may be gathered from the record that the county court in the exercise of its judicial discretion refused to build the bridge, and no money forthcoming the bridge contractor did not proceed with its contract. Therefore, the case finally comes down to plaintiffs' second contention that the drainage district under the Act of 1905 has power to levy taxes for the construction of this bridge. In State ex rel. McWilliams v. Little River Drainage Dist., 269 Mo. 444, l. c. 463, we held that under this law a drainage district has no power to levy taxes for the construction or maintenance of bridges, or to expend its revenues for any such purpose. This point is also ruled against appellants.

We have examined the other authorities cited by appellants and find they have no application under the pleadings and evidence in this case. The trial court prop-

erly sustained defendants' demurrer to the evidence and the judgment is affirmed. *Otto* and *Graves, JJ.,* concur; *Ragland, J.,* concurs in result.