Swisher Investment Company, a Corporation, Appellant, v. Brimson Drainage District of Grundy and Harrison Counties, Missouri (a Corporation), and C. H. Cullers, Pascal Dowell, Wilbur Moore, Charles Campbell and H. E. Meek, Members of the Board of Supervisors of said Drainage District, Respondents, No. 42437—245 S. W. (2d) 75.

Division Two, January 14, 1952.

*Arch B. Davis* and *Ronald L. Somerville* for appellant.

*Thomas J. Layson, Jayne & Jayne* and *W. C. Frank* for respondents.

ELLISON, J.—This suit was brought by the plaintiff-appellant farm owner, a corporation, for a mandatory injunction to compel the defendant-respondent supervisors of Brimson Drainage District of Grundy and Harrison Counties to construct a bridge across its drainage ditch on a public road which bisects appellant's farm in Grundy County, and furnishes the most accessible and reasonable outlet therefrom. The Drainage District, which was organized by the circuit court in November, 1920, had constructed a bridge at that place in 1924, and thereafter maintained it under the statutes then in force, Sec's 4402, 4406, R. S. 1919. But over twenty years later it collapsed and fell into the ditch in 1945.

In the meantime the drainage statutes had been changed. They were, in fact, while the present suit was pending. And the circuit court of Adair County, on change of venue, taking the view that the later statutes were controlling, sustained the defendant-respondent supervisors' motion to dismiss the plaintiff-appellant's petition on the ground that it failed to state facts upon which relief could be granted. The plaintiff-appellant contends its rights are founded on the law as it stood when it was organized or at least when its petition in this case was *filed*; and that at that time the board of supervisors were dutybound to reconstruct the bridge. Hence it asserts the trial court's ruling was unconstitutional as being ex post facto, violative of the obligation of contracts, retrospective in operation, a grant of special privilege, and legislative in character, citing: Art. I, Sec. 10, Const. U.S.; and Art. I, Sec. 13, Art. II, Sec. 1, Art. III, Sec's 39(5) and 40(28), Const. Mo. 1945, and Sec's 1.150, 1.170 and 1.180, R. S. 1949.

The facts are confusing and a rather detailed statement of them seems necessary. The drainage district was organized in 1920. At that time Sec. 4406, R. S. 1919 required any *corporation* to construct at its own expense any drainage district bridge contemplated by the

plan for reclamation and needed over a public highway or right of way of the corporation. And the same is still true now under Sec. 242.350(2), R. S. 1949. Whether appellant, a corporation, owned the land in 1920 the record does not show. As to other landowners the then statute, Sec. 4406, provided, as it still does, Sec. 242.350(4):

"All drainage districts shall have full authority to construct and maintain any ditch or lateral provided in its 'plan for reclamation,' across any of the public highways of this state, without proceedings for the condemnation of the same, or being liable for damages therefor. Within ten days after a dredge boat or any other excavating machine shall have completed a ditch across any public highway, *a bridge shall be constructed and maintained over such drainage ditch where the same crosses such highway: * * *." [Asterisk ours]

This Section 4406 was repealed and re-enacted by Laws Mo. 1929, pp. 183-4, with a change beginning at the point marked above with an asterisk, and made to read: "a bridge adjudged sufficient by the county court of said county or counties shall be constructed over such drainage ditch where the same crosses such highway, and after such bridge has been constructed it shall become a part of the road over which it is constructed and *shall be maintained by the authority authorized by law to maintain the road* of which it becomes a part.* If said bridge has been constructed by the drainage district and has become a part of said road *and is then destroyed* the *authorities having control of the road* are authorized, *if they desire,* to reconstruct such bridge * * *." [Emphasis and asterisk ours]

This 1929 Act was carried forward verbatim in toto as Sec. 12354, R. S. 1939, but the statute was amended by Laws Mo. 1949, p. 260-1, now Sec. 242.350(5), R. S. 1949 at the point marked with an asterisk above, by the insertion of the following sentence: "When any drainage district has heretofore constructed or shall hereafter construct a bridge over a drainage ditch where the same crosses any public highway, said drainage district shall not be under obligation thereafter to further maintain or reconstruct any such bridge or bridges for more than twenty years after it first constructed or constructs such bridge at said place." Following that is the foregoing provision taken from the 1929 Act, that when a bridge has been destroyed the authorities having control of the road are authorized, *if they desire,* to reconstruct it.

As the foregoing statutes plainly show, when the respondent drainage district was organized in 1920 it was authorized by Sec. 4406, R. S. 1919 to construct and maintain highway bridges across its drainage ditches except when the abutting land was owned by a corporation, in which event the latter was required to build the bridge or bear the

cost of construction. It was held in three cases[1] decided in 1913-1917 and cited by appellant, that the cost of building *all* bridges across the ditches [except for private corporations] should be paid by the *county*. This view was based on the theory that counties were public corporations, and that the statute said "corporations" should build or pay for their own bridges.

But in all three of those cases the drainage districts had been organized under the drainage district law as it stood in 1909 or earlier. And Sec. 30, Laws Mo. 1913, pages 250-1 [the precursor of Sec. 4406, R. S. 1919, supra] changed the prior statute law imposing the burden of building bridges on counties, and placed it on the drainage district. The change was effected by adding a proviso at the end of the section declaring "the word corporation as used in this section shall not apply to counties." This sentence was again changed in Sec. 4406, Laws Mo. 1929, p. 184, to read: "Provided, however, the word corporation as used in this section shall not apply to the state or any political or civil subdivision thereof," and has ever since so provided. This change and the foregoing decisions have been discussed in six later cases.[2]

Of the first three comparatively contemporaneous decisions the Ashby case, decided in 1920, held a drainage district organized under the 1913 Act was required to build the bridges over its own ditches, and the county was not. In the Kinder case the drainage district had been organized under the 1909 and 1911 drainage law two months before the enactment of the 1913 law, and the decision held the financial burden of building the bridges rested on the county. In the Chamberlin case the organization of a drainage district had been partially effected under the 1909 and 1911 drainage laws, but the cause was still pending in the circuit court when the 1913 act was passed. The petitioners sought by amendment to finish the organization of the district under that new law, without completely organizing or reorganizing thereunder. But the decision held the district (not the county) nevertheless must build the highway bridges over its ditches. These three decisions are followed in the last three cited below.[2]

---

[1]State ex rel. Jones v. Chariton Drainage Dist., 252 Mo. 345, 362(4), 158 SW. 633, 638 (1) ; State ex rel. McWilliams v. Little River Drainage Dist., 269 Mo. 444, 459(8), 190 SW. 897, 901(9); State ex rel. Caruthers v. Little River Drainage Dist., 271 Mo. 429, 437(4), 196 SW. 1115, 1118(7).

[2]State ex rel. Ashby v. Medicine Creek Drainage District, 284 Mo. 636, 647-9(2), 224 SW. 343, 344(2) ; State ex rel. Kinder v. Inter-River Drainage District, 296 Mo. 320, 327-9(1, 2), 246 SW. 282, 284 (1, 2) ; State ex rel. Chamberlin v. Grand River Drainage District, 311 Mo. 309, 330, 278 SW. 388, 394; Graves v. Little Tarkio Drainage District, 345 Mo. 557, 571(7), 134 SW. (2d) 70, 79(17) ; State ex rel. St. Louis County v. St. Johns-Overland Sanitary Sewer District, 353 Mo. 974, 978(1), 185 SW. (2d) 780, 782(1) ; State ex rel. Walker v. Big Medicine Drainage District, 355 Mo. 412, 418(1), 196 SW. (2d) 254, 255-6.

The law on the point that the drainage district must build the highway bridges over its ditches has been settled in those cases. The question for decision here is whether it still applies, notwithstanding the 1919 statute, Sec. 4406, in force when the instant district was organized, has been amended by Sec. 242.350(5), R. S. 1949 by the insertion of a provision that the drainage district shall not be required "to further maintain or reconstruct any such bridge or bridges for more·than twenty years after it first constructed or constructs such bridge at said place." Then the statute goes on to say, as it has ever since 1929, that if the bridge destroyed had been constructed by the drainage district and had become a part of the road, the authorities having control of the road may reconstruct the bridge if they desire.

 Plaintiff-appellant contends the 1949 amendment, limiting the obligation of the drainage district to maintain or reconstruct highway bridges over its ditches to twenty years after their original construction, is unconstitutional under both the Federal and State Constitutions, because it is ex post facto, violative of the obligation of a contract, retrospective in operation, a grant of special privilege to the drainage district, and legislative in character.

Appellant's basic theory is this. It asserts that when the owners of a majority acreage of overflow lands in the district signed the articles of·association and the circuit court chartered the district as a public corporation in 1920, pursuant to Sec's 4378 and 4380, R. S. 1919, the charter became and was a contract between the parties. And it further asserts that contract mutually obligated the subscribing landowners to pay the taxes assessed against their lands, on the one hand, and the district to make and maintain the contemplated improvements on the other. These improvements included highway bridges across the ditches, except those belonging to, or needed over a public highway or right of way of, a corporation. Sec's. 4402, 4406, R. S. 1919.

Starting with this premise appellant maintains that the amendment of the former Sec. 4406, R. S. 1919, later Sec. 12354, R. S. 1939, by Laws Mo. 1949, p. 260, now Sec. 242.350(5), R. S. 1949, limiting the obligation of a drainage district to maintain or reconstruct a highway bridge over a drainage ditch to twenty years after its original construction, is unconstitutional and void under the several sections of the Federal and State Constitutions heretofore cited. But the real underlying contention of appellant as to all these constitutional provisions is that the original charter of the district, granted in 1920 was an abiding *contract* with *the individual* subscribing members of the district, and not merely a grant by the sovereign State of rights, franchises and powers to the district as a *public corporation*[3]

---

[3]As Sec. 4380, R. S. 1919 declared it to be.

subject to subsequent regulation by the State through its Legislature.

In support of its contentions on the various constitutional questions raised by it, appellant has cited State ex rel. Ashby v. Medicine Creek Drainage District, supra,[2] five times, and State ex rel. Walker v. Big Medicine Drainage District, supra,[2] four times. But in each of those two cases only one constitutional question, or set of questions, was suggested or raised, and neither case decided it. Some Federal decisions and cases from other states also are cited. But they deal mainly with general principles of constitutional law and we do not discuss them since the instant case turns on our statutes.

Respondents rely on a number of Missouri cases, part of which are cited below.[4] The Becker case dealt with a sewer district which had been in process of organization for four years under Laws Mo. 1927, p. 439, when all the statutes therein were repealed by Laws Mo. 1931, p. 355, with a saving clause permitting it to continue in existence until its outstanding debts had been paid. Certain landowners therein brought mandamus to compel the supervisors to proceed with the organization on the theory that it had proceeded so far that they had acquired vested rights therein.

This court ruled to the contrary, holding the grant to the district of the right to organize was an exercise of police power delegated by the State, which the latter had the right to revoke in toto; and that the damage to the landowners was wholly consequential, excepting only that resulting from the actual taking of their lands, and that occasioned to the remainder by the taking of a part thereof. In this connection the decision held the exercise of the State's police power extended to the relators' use and enjoyment of their lands without the allowance of damages therefor. On that point the decision cited a number of drainage district cases. We think this doctrine is well established in Missouri and shall not extend the opinion by discussing the other decisions cited supra.[4]

█ Another assignment made by appellant is that its *original* petition in this case was filed before the twenty year reconstruction amendment of Sec. 242.350(5) here involved was enacted and became effective. Hence it contends the amendment was retroactive as against its *cause of action,* and void under Art. III, Sec's 39(5) and 40(28), Const. Mo. 1945. The first of these sections provides the General Assembly shall not have power to release or extinguish without consideration the liability or obligation of any corporation due this state or any county or municipal corporation. The second de-

───────────

[4]State ex rel. Becker v. Wellston Sewer Dist., 332 Mo. 547, 559-66 (1-8), 58 SW. (2d) 988-994 (1-8); Hill-Behan Lbr. Co. v. Skrainka Const. Co., 341 Mo. 156, 160(1), 106 SW. (2d) 483, 485(1); Gideon-Anderson Lbr. Co. v. Hayes, 348 Mo. 1085, 1088-9(1), 156 SW. (2d) 898, 899(3); City of Clayton v. Nemours, 353 Mo. 61, 66(3), 182 SW. (2d) 57, 59 (4-6); City of St. Louis v. Cavanaugh, 357 Mo. 204, 213(3), 207 S. W. (2d) 449, 454 (2, 3).

clares the General Assembly shall not have power to grant to any corporation any special right, privilege or immunity.

The facts here are as follows. The Bill for the foregoing amendment to Sec. 242.350(5) was introduced in the House of Representatives on April 14, 1949. Appellant's original petition in this case was filed in the circuit court over two months later on June 17, 1949, while the legislation was pending. However the Bill carried no emergency clause and upon passage did not become effective until October 14, 1949, nearly four months after appellant's original petition had been filed. But that petition is not brought up in the transcript, and there is nothing to show it raised a constitutional question. Hence it cannot be determined whether any such question was raised therein. The amended petition raising the constitutional questions was not filed until February 21, 1950, over two months after the amendment had become effective. We think there is no substance ██ in this contention, which apparently is procedural in nature.

But even if we be wrong in that, we are still of the opinion that the contention is open to question. For ever since the 1929 Act, supra, the statute has provided that a bridge which has become a part of the road shall be maintained by the *authorities authorized to maintain the road*; and if such bridge has been destroyed *they* are authorized to reconstruct it *if they desire*. Whether this means that if the road authorities do *not* desire to reconstruct the bridge it shall remain unbuilt, or that in such event the district shall build it, we are not called upon to decide. Perhaps the 1949 amendment of the statute was passed to clarify the statute, and to place the alternative liability on the drainage district for twenty years after the bridge was first constructed. But if so, that time has passed in this case.

██ Finally appellant contends that since its original petition was filed before the 1949 amendment took effect, the latter is not applicable to this case under Sec's. 1.150, 1.170 and 1.180, R. S. 1949. All of these sections merely contain general provisions for the construction and application of statutes which have been *repealed*. But Laws Mo. 1949, p. 260 did not repeal Sec. 12354, R. S. 1939, now Sec. 242.350, R. S. 1949. Expressly it merely amended it by inserting the provision limiting the liability of the drainage district to maintain or reconstruct bridges over its ditches to twenty years after their original construction.

There is another question in the case which we do not decide because it is not raised. The appellant is a private corporation, and the statute has provided, ever since the drainage district was organized in 1920, that corporations must build their own bridges over drainage ditches.

In our opinion the foregoing amendment appearing in Sec. 242.350(5), R. S. 1949 is constitutional. The judgment below is affirmed. All concur.