STATE of Missouri ex rel. Herbert MEYER,
Sr., Charles Meyer and A. E. Miller,
Petitioners-Appellants,

v.

Thomas W. COBB et al., Defendants-
Respondents.

No. 55468.

Supreme Court of Missouri,
Division No. 1.

June 14, 1971.

Randolph E. Puchta, Hermann, for appellants.

McQuie & Deiter, Montgomery City, for respondents.

LAURANCE M. HYDE, Special Commissioner.

Mandamus to compel respondents, Judges of the County Court of Montgomery County, to issue an order dissolving the Boonslick Hospital District. After a hearing and rehearing an alternative writ of mandamus issued was quashed. Relators have appealed. We reverse and remand with directions.

The District was established by the County Court of Montgomery County, March 5, 1963, under Chapter 206 RSMo (all statutory references are to RSMo and V.A.M.S.). This action was commenced November 14, 1968. The judgment was entered November 5, 1969. Relators are resident taxpayers of the Hospital District. Relators' purpose in seeking dissolution of the District was to make two townships of its area available for annexation to the Hermann area hospital district. The basis of relators' claim is that paragraph 3, added to § 206.120 by amendment effective October 13, 1967, requires dissolution.

Paragraph 3, § 206.120, is as follows:

"3. If less than the required majority of the votes cast are for the first loan submitted to the voters following the organization of the district, a second authorized proposition for authority to borrow money may be submitted and if unsuccessful a third election may be held. If each of the

first three propositions submitted to the voters for authority to borrow money for the purposes of this section is defeated, or if no successful election for such purpose is conducted within five years after the establishment of the district, then the district shall be immediately dissolved by order of the county court establishing it, and any funds remaining on hand and belonging to the district shall forthwith be paid pro rata to those taxpayers from whom they were collected; * * *."

Relators filed a Petition for Writ of Mandamus stating no successful election on a proposition to borrow money for any purpose authorized by paragraph 1, § 206.-120, had been conducted in the District within five years from the date of the establishment of the District; and it is agreed that this is true. Relators had previously petitioned the County Court of Montgomery County to dissolve the Hospital District for this reason but the County Court refused to dissolve it.

Respondents filed a motion to dismiss relators' petition stating three grounds: 1: That petition did not show petitioners were without another adequate remedy at law to obtain annexation of the area; 2: That the facts stated did not show that paragraph 3 of § 206.120 would apply to the Boonslick District; 3: That the relief would be contrary to §§ 1.150–1.180 and unconstitutional in violation of Article I, § 13 of the Constitution of Missouri. These statutes relate to the effect of repeal of laws and we do not consider them applicable to the situation in this case. Respondent's brief is mainly based on the constitutional ground, claiming the amendment adding paragraph 3 to § 206.120 is "retrospective in its operation."

The record shows the petition for writ of mandamus and the motion to dismiss were taken under advisement by the court and thereafter the petition was dismissed. Later a motion for new trial was sustained and an alternative writ of mandamus issued. A motion to quash on the same grounds as pleaded against relators' petition was sustained and final judgment quashing the writ entered. Respondent raises the issue of the sufficiency of the alternative writ of mandamus because it "does not state: 1. that there have been three unsuccessful propositions to borrow money submitted to the voters; 2. that there has been no successful election to borrow money within five years after the establishment of the district * * * 3. that the Appellants herein have any standing to be granted the same."

Mandamus is governed by Civil Rule 94, V.A.M.R. which continues the procedure long provided by our statutes based on The Statute of Anne (9 Anne C 20, Year 1710), State ex rel. Priest v. Gunn, Mo.Sup. en banc, 326 S.W.2d 314, 328, under which the alternative writ is the first pleading, the petition being ex parte. State ex rel. Sharp v. Knight, 224 Mo.App. 761, 26 S.W.2d 1011, 1017. However, where the "[r]espondent appears without service of an alternative writ, and makes his return * * * the petition stands as and for the writ itself for the purposes of the case and the return." State ex rel. Rumbold v. Gordon, 238 Mo. 168, 142 S.W. 315, 316. That is the situation here. Therefore, we disregard any deficiencies in the later issued alternative writ, filed after a rehearing was ordered, and hold the allegations of the petition, standing as the writ, are sufficient to present the issues involved.

Respondents' main contention is that paragraph 3 added to § 206.120 in 1967 (Laws 1967, p. 319) could not be applicable to the Boonslick District until five years after its effective date which would be in 1972. Respondents argue that to give this amendment present effect would violate Article I, § 13 of the Constitution of Missouri, providing no law retrospective in its operation can be enacted. Respondents say they "do not contend that the statute is unconstitutional as such" but claim "that if the relief sought by the petitioners was granted the statute

would be applied in an unconstitutional manner, i. e., imposing new duties, obligations and disabilities * * * and thereby retrospective." They say the new burden on the district would be "voting a successful proposition in less than five years" citing Graham Paper Co. v. Gehner, 332 Mo. 155, 59 S.W.2d 49, 50, stating: "A new or an amendment of an existing statute which reaches back and creates a new or different obligation, duty, or burden which did not exist before the new law itself became effective, or which makes the obligation or burden begin at a date earlier than the date of going into effect of the law itself, is retroactive in its operation and unconstitutional. A law is retroactive in its operation when it looks or acts backward from its effective date, and if it has the same effect as to past transactions or considerations as to future ones, then it is retrospective." This case involved levying an income tax for part of a year prior to its effective date. See also Smith v. Dirckx, 283 Mo. 188, 223 S.W. 104, 11 A.L.R. 510.

However, Graham Paper Co., 59 S.W.2d, l. c. 51, also said: "The provision of the Constitution inhibiting laws restrospective in their operation is for the protection of the citizen and not the state," citing 12 C. J. 1087, where it was said: "The state may constitutionally pass retrospective laws impairing its own rights, and may impose new liabilities with respect to transactions already past on the state itself or on the governmental subdivisions thereof." 16A C.J.S. Constitutional Law § 417, p. 106, states: "As long as private rights are not infringed, the state may constitutionally pass retrospective laws waiving or impairing its own rights, or those of its instrumental subdivisions or of the public generally" citing the Graham Paper Co. case among others from several states. Likewise, it is said in 16 Am.Jur.2d, Constitutional Law § 418, p. 757: "A state constitutional provision barring the passage of retroactive laws protects only the rights of citizens; hence, a state may constitu-

tionally pass a retroactive law which impairs its own rights." Also in Dye v. School Dist. No. 32 of Pulaski County, 355 Mo. 231, 195 S.W.2d 874, we said: "The State, with respect to its school boards, had the right to waive or impair its own vested rights." It is not claimed that this amendment impairs or infringes any rights of citizens or imposes any new liabilities or disabilities upon citizens. We have held, as to sewer districts and drainage districts, that "the grant to the district of the right to organize was an exercise of police power delegated by the State, which the latter had the right to revoke in toto; and that the damage to the landowners was wholly consequential, excepting only that resulting from the actual taking of their lands, and that occasioned to the remainder by the taking of a part thereof." Swisher Inv. Co. v. Brimson Drainage Dist., 362 Mo. 869, 245 S.W.2d 75, 79; see also State ex rel. Becker v. Wellston Sewer Dist., 332 Mo. 547, 58 S.W.2d 988, 991.

It is not claimed that the members of the county court would incur any liability or that their personal interests or rights would be adversely affected by making this order of dissolution. See 52 Am.Jur.2d, Mandamus § 96, p. 421; 129 A.L.R. 941, annotation citing Missouri cases 942. Paragraph 3 of § 206.120 places a definite and positive duty upon the county court to immediately dissolve such a hospital district established by it if there was no successful election to borrow money conducted within five years after its establishment. It is conceded there has been no such successful election in this district. As the cases and authorities hold, the constitutional provision relied on is wholly inapplicable to the legislative action herein involved with respect to this governmental subdivision. As said in State ex rel. Hand v. Bilyeu, Mo. App., 346 S.W.2d 221, 227: "where an official is positively directed to do a certain thing conditional upon the existence of certain facts, and those facts unquestionably exist without possibility of dispute, so that the duty is clear, then mandamus is

proper." That is definitely the situation here and we hold mandamus is a proper remedy to relators who are taxpayers and who would otherwise continue liable to be taxed for annual property taxes this district could levy. See 35 Am.Jur., Mandamus, § 320, p. 73.

It is therefore ordered that the judgment be reversed and the cause remanded with directions that the order quashing the alternative writ be set aside and that judgment be entered making the writ peremptory.

PER CURIAM.

The foregoing opinion by LAURANCE M. HYDE, Sp. C., is adopted as the opinion of the court.

All of the Judges concur.