Dear Ms. Hackwood:
This opinion is in response to your question asking whether members of the Missouri State Employees' Retirement System (hereinafter sometimes referred to as "MOSERS") who terminate their employment with the State on or after April 1, 1984, but before October 1, 1984, are entitled to the benefit of the graded vesting schedule found at Section 104.335.3 of S.C.S.H.C.S.H.B. 1370, 82nd Gen. Ass., 2d Reg. Sess.[1]
Section 104.335.3, supra, states, in part, that it applies to "Any member whose employment terminated on or after April 1, 1984, . . . ." Section A, supra, states: "Section 1 of this act shall become effective October 1, 1984." Section 1, supra, repeals, in relevant part, Section 104.335, RSMo Supp. 1983, and enacts Section104.335, supra, in lieu thereof. Thus, the new Section 104.335
does not become effective until October 1, 1984, but on its face, relates back to employment terminations occurring on or after April 1, 1984, but before October 1, 1984.
Article III, Section 38(a), Missouri Constitution, states, in part: "The general assembly shall have no power to grant public money or property, . . ., to any private person, association or corporation, excepting [certain provisions not relevant here]."
Article III, Section 39(3), Missouri Constitution, states:
 The general assembly shall not have power:
. . .
 (3) To grant or to authorize any county or municipal authority to grant any extra compensation, fee or allowance to a public officer, agent, servant, or contractor after service has been rendered or a contract has been entered into and performed in whole or in part;
In Cleaveland v. Bond, 518 S.W.2d 649 (Mo. 1975), the court dealt with the validity of Sections 476.520 and 476.570, Sections 2 and 12, respectively, of H.C.S.S.C.S.S.B. 132, 1971-1972 Mo. Laws 453-455. These statutes granted retirement benefits retroactively to judges who ceased to hold office prior to the effective date of these statutes. The court held that to the extent that these statutory provisions granted retirement benefits to persons not in the employ of the State on the effective date of the statutory provisions, these statutes violate Article III, Sections 38(a) and39(3), Missouri Constitution. Although there are factual differences between the Cleaveland case and the instant facts, we believe that the reasoning of the Cleaveland case applies.
Likewise, Article I, Section 13, Missouri Constitution, states:
 In order to assert our rights, acknowledge our duties, and proclaim the principles on which our government is founded, we declare:
. . .
 That no ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation, or making any irrevocable grant of special privileges or immunities, can be enacted.
(Emphasis added.)
A law which is "retrospective in its operation" is one which takes away or impairs vested rights acquired under existing laws orcreates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already passed. State ex rel. St. Louis-San Francisco Railway Company v.Buder, 515 S.W.2d 409, 410 (Mo. banc 1974).
State ex rel. Phillip v. Public School Retirement System ofthe City of St. Louis, 364 Mo. 395, 262 S.W.2d 569, 576-577 (banc 1953), indicates that early public pension or retirement systems merely created gratuitous allowances, but that the newer retirement systems do create vested rights that are contractual obligations of the State. It is clear that MOSERS is of the newer variety that creates vested rights for employees and contractual obligations on the part of the State. Sections 104.330 and 104.540, RSMo Supp. 1983.[2]
Thus, in creating a new graded vesting schedule, Section104.335.3, supra, imposes new "obligations" on the State and is a law which is "retrospective in operation". MOSERS may not be subject to a retrospective law under Article I, Section 13, Missouri Constitution. State ex rel. Breshears v. Missouri State Employees'Retirement System, 362 S.W.2d 571, 576-577 (Mo. Banc 1962).[3]
Accordingly, Section 104.335.3, supra, may not constitutionally vest members of MOSERS who terminate on or after April 1, 1984, but before October 1, 1984, with retirement benefits, because its effective date is October 1, 1984, see Sections A and 1, supra;
Section 1.130(2), RSMo 1978.
Section 1.140, RSMo 1978, states:
 The provisions of every statute are severable. If any provision of a statute is found by a court of competent jurisdiction to be unconstitutional, the remaining provisions of the statute are valid unless the court finds the valid provisions of the statute are so essentially and inseparably connected with, and so dependent upon, the void provision that it cannot be presumed the legislature would have enacted the valid provisions without the void one; or unless the court finds that the valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent.
We believe that, under Section 1.140, RSMo 1978, the "on or after April 1, 1984" termination proviso is severable from the remaining portions of Section 104.335.3, supra. Accordingly, the term "whose employment terminated on or after April 1, 1984, and" should be struck from Section 104.335.3, supra, so that it reads: "Any member who was other than a member of the general assembly. . . ."
CONCLUSION
It is the opinion of this office that members of the Missouri State Employees' Retirement System who terminate state employment on or after April 1, 1984, but before October 1, 1984, are not entitled to the benefit of the graded vesting schedule found at Section 104.335.3 of S.C.S.H.C.S.H.B. 1370, 82nd Gen. Ass., 2d Reg. Sess.
Very truly yours,
 JOHN ASHCROFT Attorney General
[1] Section 104.335.3, supra, makes certain members of MOSERS who terminate with five or more but less than ten years of vesting service "partially" vested.
[2] Article III, Section 37, Missouri Constitution, prohibits the General Assembly from contracting for, or authorizing the contracting of, any obligations of the State, with certain exceptions not relevant here. In Board of Public Buildings v.Crowe, 363 S.W.2d 598, 604 (Mo. banc 1962), the court indicated that state obligations to pay rent are always subject to the condition that the General Assembly appropriate moneys for the payment of the rent. Thus, rental "obligations" do not violate Article III, Section 37, Missouri Constitution. MOSERS is not a fully funded retirement system; it operates, in part, on appropriations on a "pay-as-you-go" funding method. See Sections104.436 to 104.440, RSMo Supp. 1983, and Sections 104.436 to104.440, supra. Accordingly, MOSERS' obligations are subject to the condition that the General Assembly appropriate funds to meet such obligations once the benefit fund has been depleted.
[3] In State ex rel. Meyer v. Cobb, 467 S.W.2d 854, 856 (Mo. 1971), the court indicated that the General Assembly may pass retrospective laws impairing the State's rights if the rights of private citizens are not impaired. The Cobb case did not overrule, distinguish, or otherwise discuss the Breshears case. Accordingly, we follow the Breshears case in this instance because it deals with MOSERS.